ROBERTO MANUEL VALDEZ, Plaintiff-Appellee and Appellant, v. JAIME PAPPAS, Defendant-Appellant and Appellee.

First District (1st Division)   Nos. 84—1643, 84—1845 cons.

Opinion filed December 16, 1985.

Thomas D. Nissen, of O'Malley & O'Malley, Ltd., of Chicago, for Roberto Manuel Valdez.

William J. Cook and Mark B. Ruda, both of Condon, Cook & Roche, of Chicago, for Jaime Pappas.

JUSTICE QUINLAN delivered the opinion of the court:

We have consolidated two cases in this matter on appeal. In case No. 84—1643, defendant Jaime Pappas appeals from an order denying his motion to dismiss filed under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619). In case No. 84—1845, plaintiff Roberto Manuel Valdez appeals the denial of his section 2—1401 petition (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). The facts giving rise to both appeals are as follows.

On October 2, 1980, Valdez filed a personal injury action against Pappas for injuries sustained when he fell down stairs in a building owned by Pappas. The incident occurred on October 12, 1978. The case was set for pretrial before Judge James E. Murphy on February 2, 1982. Valdez alleges that because of an agreement between his attorney and defendant's attorney neither he nor his attorney attended the February 2, 1982, pretrial. The trial court entered an order on February 2, 1982, dismissing the case for want of prosecution and scheduled a hearing to vacate the order for April 1, 1982. The order provided:

"It is hereby ordered that (1) this case be dismissed for want of prosecution on motion of the defendant; (2) motion to vacate this order will be entertained on April 1, 1982, at 9:00 without further notice."

Valdez contends that his attorney was never mailed a copy of the order by the defendant's attorney, never received notice of this DWP order from the clerk of the court, and never received a telephone call from defendant's attorney or anyone from his office about the order. Additionally, neither Valdez nor his attorney received any other prior notice of the hearing date of April 1, 1982. On April 1, 1982, another order was entered dismissing the case for want of prosecution. The April 1, 1982, order stated, in pertinent part:

"It is hereby ordered that this cause be and the same hereby

dismissed for want of prosecution."

Plaintiff received no notice of this order.

Subsequently, when Mr. Valdez' trial counsel's attempt to file an appearance was met by an objection on the grounds that the defendant had been dismissed, a search of the court file by Valdez' attorney revealed the April 1, 1982, order. Thereafter, on March 31, 1983, Valdez refiled the action under the provisions of section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), which authorizes the filing of a new action within one year of a dismissal for want of prosecution of a prior action. Pappas moved to dismiss this new action on the grounds that the statute of limitations had run and the complaint had not been refiled within one year of dismissal, as provided by section 13—217, inasmuch as the original case was actually DWP'd on February 2, 1982.

Plaintiff's attorney thereafter, with the assistance of the office of the clerk of the court, made a computer check of the record and discovered the February 2, 1982, order on the microfilm. Plaintiff, on February 1, 1984, filed a petition for relief under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401) seeking to vacate the prior orders of dismissal.

The defendant Pappas' 2—619 motion to dismiss and the plaintiff Valdez' petition for relief pursuant to section 2—1401 were heard together by the trial court. After lengthy arguments, the trial court denied defendant's 2—619 motion to dismiss and denied the plaintiff's petition under section 2—1401. The plaintiff appeals the denial of his 2—1401 petition and the defendant, after the circuit court certified its ruling pursuant to Rule 308(a) (87 Ill. 2d R. 308(a)), has also appealed that ruling and we granted leave.

First, we consider Pappas' appeal. In case No. 84—1643, Pappas contends the trial court erred in denying his motion to dismiss. He maintains that the first order of dismissal entered February 2, 1982, is the controlling order and that the April 1 order is of no effect because the case had already been dismissed and nothing remained on which the court could rule. For the following reasons, we disagree with defendant's argument.

The first order of dismissal specifically stated that a motion to vacate would be entertained on April 1, 1982. The trial court, by the order of February 2, 1982, enlarged the time to consider a motion to vacate to 60 days from the normal 30 days (see Ill. Rev. Stat. 1983, ch. 110, par. 2—1203) and clearly indicated it had retained jurisdiction to consider such a motion by its order. Cf. Burnicka v. Marquette National Bank (1982), 88 Ill. 2d 527, 431 N.E.2d 358.

In *O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, we were confronted with a similar problem as here. The trial court there had granted defendant's motion to dismiss and provided in the order that the plaintiffs' action was dismissed "without prejudice," and also added the language of Rule 304(a) (87 Ill. 2d R. 304(a)) that there was "no just reason for delaying enforcement or appeal." In deciding that we did not have jurisdiction to hear the appeal, because the trial court had not entered a final order, we found that by including the words "without prejudice," the trial court had not made any final determination of rights or liabilities. While we observed that the language of the order was ambiguous and confusing, we would not speculate as to the finality and appealability of the order. *O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, 134.

■ An order is final and appealable only if it terminates the litigation or some definite part thereof, so that there is nothing left for the trial court to do except enforce the order or judgment. (See *O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, 133; *Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 393 N.E.2d 712.) A dismissal of an action, such that the complaint may be refiled within one year pursuant to section 13–217, is a final and appealable order. (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 307, 472 N.E.2d 787.) Furthermore, in that situation a plaintiff has an absolute right to refile the complaint within one year of the dismissal of the action. *Burns v. Steelcase, Inc.* (1985), 138 Ill. App. 3d 1039, 1040.

■ Here the trial court found that the effect of the February 2, 1982, order was to continue the matter until April 1, 1982, and that the order which effectively dismissed the cause for want of prosecution was entered April 1, 1982. In challenging a trial court's action, it is the burden of the appellant to show that the trial court erred. (*Chicago Title & Trust Co. v. First Arlington National Bank* (1983), 118 Ill. App. 3d 401, 454 N.E.2d 723.) The record clearly shows that the trial court retained authority to rule further and the defendant has not presented any evidence to the contrary. In any event, we will not speculate or guess as to the trial court's intent and, accordingly, find that the February 1, 1982, order was not final and did not become so until April 1, 1982. Thus, the trial court's order was correct, and the plaintiff's action was properly refiled pursuant to section 13–217 on March 31, 1983.

In case No. 84–1845, Valdez contends the trial court erred in denying his section 2–1401 petition. In view of our decision on the pre-

vious issue allowing plaintiff's refiled complaint to stand, we need not address the merits of this issue, but find that the trial court properly denied the petition under the circumstances as an election of remedy. It is sufficient to note, based on our review of the record, that had we not determined that the plaintiff had properly refiled his action under section 13—217, the petition filed by the plaintiff under section 2—1401 would have established a sufficient basis for relief (see *Brewer v. Moore* (1984), 121 Ill. App. 3d 423, 459 N.E.2d 1153; *Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 433 N.E.2d 243; and *Manny Cab Co. v. McNeal Teaming Co.* (1975), 28 Ill. App. 3d 1014, 329 N.E.2d 376). However, as stated, because of our resolution of case No. 84—1643, we affirm the denial of plaintiff's section 2—1401 petition.

For the foregoing reasons, the judgments of the circuit court of Cook County are affirmed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.