DONALD BOWERS, Plaintiff-Appellant, v. THE VILLAGE OF PALATINE *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—88—2545

Opinion filed September 24, 1990.

Goldberg & Goldberg, of Chicago (David A. Novoselsky, of counsel), for appellant.

Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago (Thomas G. Di Cianni, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Donald Bowers, appeals from an order of the circuit court of Cook County granting the motion of defendants Village of Palatine and Officer Languth to dismiss plaintiff's personal injury action. On appeal, plaintiff contends that the trial court erred in granting defendants' motion. For the following reasons, we reverse and remand.

The facts giving rise to this appeal are as follows.

Plaintiff filed his original complaint after he was allegedly injured in May 1980. The record does not contain the exact filing date. The complaint was dismissed for want of prosecution (DWP) on May 2, 1985. Plaintiff then filed a timely motion to vacate the DWP order on May 29, 1985. This motion was not heard until February 4, 1987.

At the hearing, the motion judge questioned plaintiff's counsel regarding the 20-month time period between the filing of the motion and the hearing. Plaintiff's counsel explained that the attorney who had been assigned to the plaintiff's file had left the firm, causing a communication breakdown regarding the status of the case. No other attorney followed up on the case. The trial court found this explanation to be insufficient and denied plaintiff's motion to vacate pursuant to Circuit Court Rule 2.3 (Cook Co. Cir. Ct. R. 2.3).

On February 18, 1987, plaintiff refiled his complaint pursuant to section 13—217 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 13—217.) Defendants then filed a motion to dismiss the complaint, contending that it was barred by the two-year statute of limitations established in section 13—202 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 13—202.) Plaintiff responded to the motion to dismiss, arguing that defendants' general appearance for the motion to vacate served to revest the court with jurisdiction over the case. Plaintiff concluded that the refiling was proper because it took place within one year of the denial of the motion to vacate the DWP order. Defendants replied that the plain language of section 13—217 establishes that the one-year refiling period began to run when the suit was dismissed, not when the motion to vacate was denied.

A hearing was held on defendants' motion to dismiss on July 22, 1988. The trial court stated that the revesting of jurisdiction was not the issue which needed to be decided, for the timely filing of the motion to vacate continued the court's initial jurisdiction. The court then addressed the issue of whether the statute of limitations on personal injury actions barred plaintiff's refiled complaint. The court decided that the refiling period began to run from the date of the DWP

order, rather than the date that the motion to vacate that order was denied. Consequently, the refiled action was time barred.

The question presented is whether the trial court erred in granting defendants' motion to dismiss plaintiff's refiled complaint. Plaintiff contends that he properly refiled his complaint pursuant to section 13—217 of the Illinois Code of Civil Procedure.

Plaintiff devotes much of his argument to the issue of whether the trial court was revested with jurisdiction, citing a number of cases in support of revesting. *People v. Kaeding* (1983), 98 Ill. 2d 237, 456 N.E.2d 11; *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 97 N.E.2d 817; *Gentile v. Hansen* (1984), 131 Ill. App. 3d 250, 475 N.E.2d 894; *Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 415 N.E.2d 1060; *Faust v. Michael Reese Hospital & Medical Center* (1979), 79 Ill. App. 3d 69, 398 N.E.2d 287; *Asumendi v. Fortman* (1978), 58 Ill. App. 3d 186, 374 N.E.2d 20.

On this question, we agree with the trial court that revestment was not at issue. It is sufficient to note that, generally, a trial court relinquishes jurisdiction over a matter when: (1) 30 days have passed following the entry of a final and appealable order concerning that matter; and (2) during that time, neither party has taken any legally proper action to delay the 30-day period. (*Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 166, 415 N.E.2d 1060, 1063.) A dismissal for want of prosecution is not a final and appealable order. (*Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 449 N.E.2d 112, *cert. denied* (1983), 464 U.S. 936, 78 L. Ed. 2d 311, 104 S. Ct. 345; *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480.) The trial court thus retained jurisdiction over the instant matter during the pendency of the motion to vacate the DWP order.

The only issue for decision, therefore, is whether the refiled complaint is barred by the statute of limitations. Section 13—217 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217) provides in relevant part:

"[I]f *** the action is dismissed for want of prosecution ***, the plaintiff *** may commence a new action within one year *** after such judgment *** is dismissed for want of prosecution."

In *Valdez v. Pappas* (1985), 139 Ill. App. 3d 1, 486 N.E.2d 1389, this court was confronted with a similar problem. In *Valdez*, the trial court entered an order dismissing a case for want of prosecution and in the same order scheduled a hearing to vacate the order. At the

later hearing, the case was dismissed for want of prosecution. Later, Valdez refiled the action under section 13—217. Pappas moved to dismiss the action on the grounds that the applicable statute of limitations had run and the complaint had not been refiled within one year of the first DWP order. The trial court held that the one-year time period for refiling a complaint established in section 13—217 began to run from the date of the second order. In affirming that decision, this court noted that the trial court retained authority to rule further in the matter by the terms of its initial order, thus preventing the initial order from becoming final. *Valdez,* 139 Ill. App. 3d at 4, 486 N.E.2d at 1391.

The sole distinction between *Valdez* and the present case is that the trial court in *Valdez* retained authority by its own order, whereas the trial court's authority in this case was retained by plaintiff's timely filing of the motion to vacate the DWP. We therefore hold that the time period for refiling a complaint specified by section 13—217 did not begin to run until the motion to vacate was denied, and the refiling on February 18, 1987, was proper.

Defendants cite *Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211, and *Hapeniewski v. City of Chicago Heights* (1985), 147 Ill. App. 3d 528, 497 N.E.2d 97, *vacated & remanded* (1987), 484 U.S. 806, 98 L. Ed. 2d 17, 108 S. Ct. 53, in support of their contention that the time specified by section 13—217 begins to run from the date of the DWP order. Both are distinguishable from the present case. *Hupp* held that the refiling period began to run from the date of a nonsuit, not the affirmance of that nonsuit on appeal. *Hapeniewski* held that the refiling period began to run from the date plaintiff sought a voluntary dismissal, rather than the date the entire case was dismissed. A voluntary dismissal is final and appealable by the defendant. (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 305, 472 N.E.2d 787, 788.) In contrast, the present case involves a DWP which is not final or appealable. *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 449 N.E.2d 112; *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480.

■ Defendants also contend that running the refiling period from the date the motion to vacate was denied would nullify the one-year limitation specified in section 13—217. The argument is that if the refiling period does not begin to run until the order is final, and the DWP is not a final order, the refiling period would never run. This argument is unpersuasive. In the absence of a timely filed motion to vacate, the refiling period would begin to run and would expire after one year. However, if a motion to vacate is pending before

the court, the refiling period will not begin to run until the motion is decided. See *Belluomini v. Lancome* (1st Dist. Sept. 13, 1990), No. 1—89—1759, slip op. at 5.

For the aforementioned reasons, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.

O'CONNOR and MANNING, JJ., concur.