MADELINE WILSON *et al.*, Plaintiffs-Appellants, v. EVANSTON HOSPI-
TAL *et al.*, Defendants-Appellees.

First District (5th Division)    No. 1—92—1455

Opinion filed January 21, 1994.

Michael W. Rathsack, of Chicago (Louis S. Goldstein, Cindy G. Fluxgold,
and Michael W. Rathsack, of counsel), for appellants.

Betty-Jane Schrum, of Pretzel & Stouffer, Chartered, of Chicago (Robert
Marc Chemers and Scott O. Reed, of counsel), for appellees Evanston Hospital
and Debra Elmer.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T.
Ferrini, James O. Nolan, Diane M. Baron, Sonia V. Odarczenko, Imelda Ter-
razino, and Jennie R. Lipowich, of counsel), for appellee Mary Hirsch.

PRESIDING JUSTICE MURRAY delivered the opinion of the
court:

This is an appeal from an order of the circuit court denying
plaintiff's motion to vacate the order dismissing their medical mal-
practice suit for want of prosecution. For reasons we will discuss, we
dismiss the appeal for lack of jurisdiction.

The facts are undisputed. On April 26, 1989, plaintiffs, Madeline
and Dennis Wilson (the Wilsons), filed a cause of action against Ev-
anston Hospital (Evanston) and its nurses, Mary Hirsch (Hirsch) and
Debra Elmer (Elmer). The complaint alleged that, in January 1988,

as a result of the negligent care Madeline Wilson received, she suffered a respiratory arrest and seizures. Dennis Wilson alleged loss of consortium. Only Evanston Hospital and Nurse Elmer were served and they filed their appearances with the court in August 1989.

On October 23, 1989, the case was dismissed for want of prosecution (DWP'd) when plaintiffs' attorney failed to appear for a progress call. On November 1, 1989, plaintiffs' counsel filed a motion to vacate the DWP on behalf of the Wilsons and on November 21, 1989, an identical motion was filed on behalf of Madeline Wilson, alone. However, no notice of either motion was served on any of the defendants or their counsel and neither motion was set for hearing.

Although the DWP order was not vacated, the following events took place in conjunction with this matter: (1) on November 1, 1989, plaintiffs' counsel filed a special interrogatory requesting the address of the yet-unserved defendant Hirsch; (2) on February 21, 1990, Evanston and Elmer sent a letter to plaintiffs' counsel requesting answers to their previously filed interrogatories; (3) on February 26, 1990, Evanston answered plaintiffs' interrogatory regarding Hirsch's whereabouts; (4) on March 28, 1990, plaintiffs' counsel served Hirsh by alias summons; (5) on April 12, 1990, plaintiffs answered defendants' interrogatories and on April 17, 1990, they responded to a notice to produce; (6) on May 18, 1990, Hirsch filed an appearance, answer and affirmative defense (without leave of court); (7) in May 1990 plaintiffs' counsel filed interrogatories, notice of deposition and notice to produce with regard to Hirsch; (8) on June 1, 1990, plaintiffs answered Hirsch's affirmative defense; and (9) in February 1991, plaintiffs filed additional interrogatories and production requests.

Finally, on March 14, 1991, plaintiff Madeline Wilson served notice on defendants that a hearing on her motion to vacate the DWP would be heard on March 25, 1991. Defendants immediately objected and filed memoranda of law with the trial court.

Initially, defendants argued that, because notice was only given in the name of plaintiff Madeline Wilson, the motion to vacate the DWP only applied to that one plaintiff and Dennis Wilson was no longer in the case. In addition, defendants argued that because plaintiff had failed to comply with circuit court Rule 2.3, which requires that hearing on any motion be brought within 90 days of filing, the motion should be denied. Defendants contended that they would be severely prejudiced by the reinstatement of the case due to plaintiff's delay in pursuing the matter.

In response, plaintiffs denied that the motion to vacate the DWP applied only to Madeline Wilson. They also argued that, because their motion to vacate had been filed timely, it didn't matter when

hearing on the motion was held. Alternatively, plaintiffs argued that, because all of the parties had proceeded as if the dismissal had not been entered, they revested the trial court with jurisdiction over the entire matter by their conduct in continuing to litigate the matter.

On July 12, 1991, after argument on the motion was heard, the trial court determined that the motion that was before the court had been brought by Madeline Wilson, alone, and that Dennis Wilson was no longer a party to the action. The trial court also held that Madeline Wilson's motion to vacate the DWP should be denied on the basis of circuit court Rule 2.3, which provides:

> "The burden of calling for hearing any motion previously filed is on the party making the motion. If any such motion is not called for hearing within 90 days from the date it is filed, the court may enter an order overruling or denying the motion by reason of delay." Cook County Cir. Ct. R. 2.3.

In addition, the court rejected plaintiffs' revestment theory.

Plaintiffs filed a motion to reconsider and on March 24, 1992, that motion was denied. This appeal followed.

Before addressing the merits of plaintiffs' arguments on appeal, we must first address defendants' motion to dismiss the appeal, filed in this court and taken with the case. Defendants seek the dismissal of the appeal on the basis that this court lacks jurisdiction over the matter.

Defendants contend that neither the dismissal of the case for want of prosecution, nor the denial of plaintiffs' motion to vacate the dismissal is a final and appealable order. In the alternative, defendants contend that plaintiffs' appeal is not timely since notice of appeal was filed after the trial court's March 24, 1992, ruling on the motion to reconsider and not from the trial court's denial of the motion to vacate.

■ There is no question that in the State of Illinois the dismissal of a case for want of prosecution is not a final order for appeal purposes because plaintiffs have an absolute right to refile the cause of action within one year of the dismissal. (*Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 449 N.E.2d 112; *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480.) Furthermore, it has also been held that, where a timely motion to vacate an order of dismissal has been filed, the one-year refiling period does not begin to run until the trial court has ruled on the motion to vacate the DWP. See *Bowers v. Village of Palatine* (1990), 204 Ill. App. 3d 135, 561 N.E.2d 1154.

The facts in *Bowers* are quite similar to those in the case at bar. In *Bowers*, the plaintiff's complaint was dismissed for want of prose-cution and a motion to vacate the DWP was filed within 30 days. The

attorney handling the case then left the law firm that was representing plaintiff and no one followed the case. The motion was allowed to languish without hearing while 20 months passed. When the motion was finally heard, the trial court refused to vacate the DWP, based upon circuit court Rule 2.3.

In *Bowers*, however, plaintiff refiled the complaint after the trial court denied the motion to vacate the dismissal. Defendant then moved to dismiss the refiled complaint because more than one year had passed since the order dismissing the case for want of prosecution. A hearing was held on defendant's motion and the trial court dismissed the complaint as time barred. But this court reversed, holding that the one-year refiling period began to run from the date that the motion to vacate was denied.

Applying the *Bowers* rationale to the present case, it is clear that plaintiff Madeline Wilson had one year from the date that the motion to vacate was denied to refile the complaint. In other words, plaintiff had an absolute right to refile the complaint until July 12, 1992. This apparently was not done. Instead, within 30 days of the denial, plaintiff filed a motion to reconsider. Hearing on that motion was not held until March 24, 1992, and rather than refile at that point, plaintiff appealed from that motion.

▪ It seems only logical that, if a DWP order is made nonfinal and nonappealable by the fact that there is an absolute right to refile, a trial court's order denying the vacature of the DWP must also be nonfinal and nonappealable since there is an absolute right to refile following that order.

The question that remains is whether plaintiff's motion to reconsider, filed within 30 days of the denial of the motion to vacate, somehow transformed the nonfinal and nonappealable order into a final and appealable one. We find that it did not. The fact that the trial court reaffirmed its earlier decision in no way affected the finality or the appealability of the order. Hence we must find that this court is without jurisdiction to hear the appeal because appeal was taken from a nonfinal and nonappealable order.

While this conclusion may seem harsh, we note that plaintiff, rather than seek the more costly means of appealing the decisions of the trial court, could have simply refiled the complaint to preserve her cause of action.

Furthermore, we agree with the trial court that revestment is not at issue in this case. *Gentile v. Hansen* (1984), 131 Ill. App. 3d 250, 475 N.E.2d 894, and *People v. Kaeding* (1983), 98 Ill. 2d 237, 456 N.E.2d 11, the cases cited by plaintiff, are clearly distinguishable. Both these cases stand for the proposition that, when a trial court

loses jurisdiction over the parties by the fact that the court has entered an order which disposes of the matter before it and neither party has filed a motion with the trial court within 30 days asking for relief from that order, jurisdiction may be revested with the trial court by their *active participation* in *proceedings* which are inconsistent with the prior order.

In the present case a motion to vacate the dismissal was filed within the 30 days following the order. Therefore, jurisdiction was never lost by the trial court and we need not consider whether the limited participation in discovery by Evanston and Elmer or Hirsch's filing of an appearance, answer and affirmative defense, while unaware of the dismissal, would be sufficient participation to invoke the revestment doctrine. We observe, however, that in the cases employing the revestment rule, it appears that the parties came before the court seeking judicial intervention, knowing of the court's previously entered order and choosing to litigate matters related to that order.

Our final remarks concern a matter not addressed in the appellate briefs, but discussed in oral argument. Plaintiffs have apparently refiled their complaint within one year of the trial court's ruling on the motion to reconsider, but not within one year of the trial court's denial of the motion to vacate. The obvious question is whether the timely filed motion to reconsider further extended the one-year refiling time period or whether plaintiff, by failing to avail herself of this alternative action within one year of the court's denial of her motion to vacate, is now barred from an adjudication on the merits.

Although defendants will undoubtedly move to have the new cause of action dismissed and, if granted, the matter will once again be before this court on review, the issue, while related to the present case, is not before this court at this time and we decline to make any ruling with respect to the newly filed complaint.

For the reasons cited above, we dismiss the present appeal for lack of appellate jurisdiction.

Dismissed.

GORDON and McNULTY, JJ., concur.