2020 IL App (2d) 191042
No. 2-19-1042
Opinion filed September 9, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| A. STEVEN YOUNG, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19-L-175 |
| | ) | |
| ANITA SUZANNE WIELAND, | ) | |
| ALEXANDER STUARD YOUNG III, and | ) | |
| A. STANLEY YOUNG, | ) | Honorable |
| | ) | John A. Noverini, |
|     Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justice Hutchinson concurred in the judgment and opinion.
Justice McLaren specially concurred, with opinion.

**OPINION**

¶ 1    Plaintiff, A. Steven Young, appeals from the trial court's order dismissing his refiled complaint against defendants, Anita Suzanne Wieland (Suzanne), Alexander Stuard Young III (Stuard), and A. Stanley Young (Stanley). 735 ILCS 5/2-619(a)(9) (West 2018). Plaintiff had refiled his complaint, pursuant to section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 1994)), one day *prior* to moving to withdraw a previously filed timely motion to vacate (735 ILCS 5/2-1301(e) (West 2018)) a dismissal for want of prosecution (DWP) of his original complaint. The issue presented in this appeal is whether plaintiff was precluded from refiling his complaint under section 13-217 *before* he withdrew his pending motion to vacate the

DWP of his original complaint. We hold that, under the circumstances of this case, in the absence of a statute or case law prohibiting the refiling and the lack of prejudice to defendants, the trial court erred in dismissing the refiled complaint. We reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3     Mary A. Young died on March 30, 2014, and left four surviving children: Stuard, Suzanne, plaintiff, and Stanley.[1] Six years after Mary's death, her children's disagreements persist over matters concerning the disposition of her estate and the parties come before us for the second time to resolve their differences.

¶ 4     In 2015, shortly after Mary died, plaintiff filed against defendants a will contest (case No. 15-P-110) and, in 2016, a separate multicount complaint (case No. 16-L-163). The cases were consolidated and transferred to the probate court.

¶ 5     On January 16, 2019, the trial court entered a DWP in both cases. On February 1, 2019, the trial court approved the executor's final report and closed the estate.

¶ 6     On February 15, 2019, plaintiff moved to vacate both DWPs. On February 20, 2019, the court reopened the estate for the purpose of filing objections and set a time for a response to the motion to vacate.

---

[1] In the trial proceedings leading to the prior appeal in this case, Stanley joined plaintiff in some of the relevant filings. He was not a party to that prior appeal. Stanley was named as an interested party in the trial court proceedings leading to the present appeal, but he did not participate in the lawsuit or join in Suzanne and Stuard's motion to dismiss. Thus, references to defendants hereafter mean Suzanne and Stuard.

¶ 7    On April 9, 2019, plaintiff refiled his multicount complaint (case No. 19-L-175), seeking a constructive trust and accounting and alleging conversion, fraud and duress, undue influence, and tortious interference with inheritance expectancy. (Plaintiff did not reference section 13-217.) He alleged that, in 2013, Mary's health began to deteriorate while she was living with Suzanne and that Suzanne used her position of influence for her own benefit and transferred to herself certain assets, including Exxon stock, and changed the beneficiaries on Mary's individual retirement account. Further, under Suzanne's influence, Mary changed her will to make Suzanne her only beneficiary. Prior to these changes, Mary had provided equally for all four children.

¶ 8    On April 10, 2019, plaintiff moved to withdraw his February 15, 2019, motion to vacate the DWP of the complaint and the trial court granted the motion, finding that the motion to vacate was "withdrawn as moot." (The court also denied plaintiff's motion to vacate the DWP in the will contest.)

¶ 9    On April 23, 2019, the trial court agreed to stay ruling on the objections to the executor's final report and continued citations to discover assets, pending the outcome of the appeal of the will contest.

¶ 10    On May 10, 2019, plaintiff filed a notice of appeal from the court's January 16, 2019, DWP orders concerning the will contest and the complaint.

¶ 11    On May 28, 2019, defendants moved to dismiss (735 ILCS 5/2-619(a)(1) (West 2018)) plaintiff's newly filed complaint, arguing that the trial court lacked jurisdiction because plaintiff had appealed the court's DWP ruling on his prior complaint, "a pleading virtually identical to the" newly filed complaint. In response, plaintiff argued that he had the right to file his complaint under section 13-217 because it constituted a refiling of a case that was dismissed for want of prosecution. In reply, defendants argued in the alternative to their jurisdictional argument that

plaintiff's complaint was prematurely refiled and, therefore, dismissal was required. They interpreted the case law as holding that an initial motion to vacate must be adjudicated *before* a plaintiff may refile a case.

¶ 12    On August 7, 2019, the trial court (Judge Susan Clancy Boles), noting that case No. 19-L-175 was a refiling of case No. 15-P-110 (actually, it was a refiling of case No. 16-L-163, which was consolidated with case No. 15-P-110), reassigned the case to another courtroom (Judge John A. Noverini) and stayed the matter pending the appeal, "which involves the same parties, issues, operative facts and claims."

¶ 13    On September 4, 2019, defendants moved to reconsider and to vacate the stay, arguing that plaintiff had brought his 2019 refiling *before* the 2015 case was resolved, in violation of section 13-217. Plaintiff responded that neither the statute nor case law precluded a refiling before a withdrawal of a motion to vacate a DWP.

¶ 14    On November 5, 2019, the trial court (1) granted defendants' motion to reconsider, lifting the stay; and (2) granted their motion to dismiss, finding that plaintiff's refiling was premature. At the hearing, defendants had argued that the refiling was treated as a separate action and a stay would not be appropriate. They also argued that the refiling was premature and should be analyzed the same way as a notice of appeal. Defendants took the position that the right to refile does not begin until a motion to vacate is resolved. "It's as if the case is not over." They further argued that the trial court should vacate the stay and rule on the motion to dismiss. They also noted that, if this court reversed in plaintiff's first appeal, there would be two identical cases pending. They also argued that the section 13-217 one-year refiling period must have a start date and an end date and that, here, plaintiff filed his complaint one day *before* the start date.

¶ 15    Plaintiff responded that section 13-217 operates as an extension of the statute of limitations and that the right to refile expires one year after a motion to vacate is denied or withdrawn. The filing of his complaint one day before was "earlier than one year after the motion to vacate was disposed of." Thus, in his view, it was timely. Plaintiff also noted that section 2-619(a)(3) of the Code provides that a court may dismiss an action where more than one case is pending between the same parties for the same cause. 735 ILCS 5/2-619(a)(3) (West 2018). Further, a notice of appeal is treated similarly, in that, where a posttrial motion is filed after a notice of appeal is filed, the notice of appeal is held in abeyance until the posttrial motion is resolved. Analogizing to the present case, plaintiff asserted that the refiled case would be held in abeyance until the motion to vacate is disposed of. Afterwards, the refiled case becomes active. Plaintiff further argued that the stay should not be lifted until his first appeal was resolved and that it was a separate matter. The trial court lifted the stay and granted the motion to dismiss, because the complaint was filed one day early. It also invited plaintiff to file an appeal.

¶ 16    On November 26, 2019, plaintiff filed his current appeal, stating that the issue he raised was whether the November 5, 2019, dismissal of his refiled complaint was proper.

¶ 17    This court's decision in plaintiff's first appeal was issued on March 23, 2020. *In re Estate of Young*, 2020 IL App (2d) 190392. In the first appeal, plaintiff challenged the DWPs in both cases, the denial of his motion to vacate, and the denial of a motion to continue. We dismissed the appeal for lack of jurisdiction. *Id.* ¶ 37.

¶ 18    Our decision considered section 13-217 of the Code (also called the savings statute) (735 ILCS 5/13-217 (West 1994)).[2] By way of background, this court noted:

_____

[2] The most recent version of section 13-217 does not provide for refiling after a DWP.

"A DWP is a type of involuntary dismissal that courts have always had the inherent power under the common law to enter. *Kraus v. Metropolitan Two Illinois Center*, 146 Ill. App. 3d 210, 212 (1986). 'Although there is a preference for resolving cases on the merits [citation], a trial court may dismiss a civil action due to the plaintiff's failure to prosecute with due diligence in order to manage the court's docket and avoid unnecessary burdens on the court and opposing parties.' *Illinois Bone & Joint Institute v. Kime*, 396 Ill. App. 3d 881, 883 (2009)." *Estate of Young*, 2020 IL App (2d) 190392, ¶ 17.

¶ 19 Addressing section 13-217, we stated:

"Section 13-217 of the Code *** provides that, when an action is dismissed for want of prosecution, 'then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution.' 735 ILCS 5/13-217 (West 1994); see also *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 497 (1998) (recognizing that, if a plaintiff's action is dismissed for want of prosecution, the plaintiff has the option, under section 13-217 of the Code, to refile the action within one year of the

*Federal National Mortgage Ass'n v. Tomei*, 2014 IL App (2d) 130652, ¶ 8 n.2. However, in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997), the supreme court "held that the amendments that removed the provisions for refiling after a DWP were unconstitutional as not severable from other unconstitutional provisions of the Civil Justice Reform Amendments of 1995 (Pub. Act 89-7, § 15 (eff. Mar. 9, 1995)). Thus, the unamended version is the effective version." *Tomei*, 2014 IL App (2d) 130562, ¶ 8 n.2.

entry of the DWP or within the remaining period of limitations, whichever is greater). Courts liberally construe section 13-217 to achieve its remedial purpose, which is 'to protect plaintiffs from complete loss of relief on the merits because of some procedural defect unrelated to the merits.' *Edwards v. Safer Foundation, Inc.*, 171 Ill. App. 3d 793, 796 (1988)." *Id.* ¶ 18.

¶ 20 Finally, addressing the finality of DWP orders, we noted:

"A DWP becomes a final order only when the section 13-217 period for refiling ('one year *** or within the remaining period of limitations, whichever is greater') expires. *Vaughan Oil Co.*, 181 Ill. 2d at 497. Accordingly, a DWP remains an unappealable interlocutory order until the plaintiff's option to refile expires. *Id.* at 507. Furthermore, where a timely motion to vacate an order of dismissal has been filed, the one-year refiling period does not begin to run until the trial court has ruled on the motion to vacate the DWP. *Bowers v. Village of Palatine*, 204 Ill. App. 3d 135, 138-39 (1990) (timely motion to vacate DWP filed within 30 days of DWP order)." (Emphases omitted.) *Id.* ¶ 19.

¶ 21 Turning to the merits, we held that, as to the will contest, section 13-217 lengthens the six-month period under section 8-1(a) of the Probate Act of 1975 (755 ILCS 5/8-1(a) (West 2018)). *Estate of Young*, 2020 IL App (2d) 190392, ¶ 30. The trial court had denied plaintiff's motion to vacate the DWP on April 10, 2019. We held that the one-year refiling period under section 13-217 began to run on that date. *Id.* ¶ 31 (citing *Bowers v. Village of Palatine*, 204 Ill. App. 3d 135, 138-39 (1990)). We further held that the denial of the motion to vacate (like the DWP order) was not a final and appealable order and that we lacked jurisdiction to consider plaintiff's challenge to the will contest. *Id.*

¶ 22    As to the complaint, which is relevant to this second appeal, we noted that plaintiff had moved to vacate the DWP on February 15, 2019.  However, on April 9, 2019, he refiled his complaint.  Further, on April 10, 2019, the trial court granted plaintiff's request to withdraw, as moot, his motion to vacate the DWP.  We held that, when the trial court entered the DWP, plaintiff had the right, under section 13-217, to refile the complaint (which he subsequently exercised).  *Id.* ¶ 35.  Thus, because he had the right to refile, the DWP order was not a final and appealable order. *Id.*

¶ 23                                    II. ANALYSIS

¶ 24    Plaintiff argues that the trial court erred in dismissing his refiled complaint.  He maintains that (1) section 13-217 does not prohibit refiling before a motion to vacate has been decided and no case has held as such, and (2) the statute's purpose and principles of judicial economy weigh in favor of his position.  For the following reasons, we agree with plaintiff.

¶ 25    Defendants' motion to dismiss initially asserted a lack of jurisdiction and was brought pursuant to section 2-619(a)(1) of the Code.  However, once plaintiff, in response, asserted that he had refiled pursuant to section 13-217 of the Code, defendants alternatively argued that plaintiff's complaint was untimely, an argument that the trial court ultimately accepted.  Accordingly, the complaint was dismissed under section 2-619(a)(9) of the Code.  735 ILCS 5/2-619(a)(9) (West 2018).  "A motion for involuntary dismissal under section 2-619(a)(9) of the Code admits the legal sufficiency of the complaint, admits all well-pleaded facts and all reasonable inferences therefrom, and asserts an affirmative matter outside the complaint bars or defeats the cause of action." *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 31.  When ruling on such a motion, the trial court construes the pleadings in the light most favorable to the nonmoving party and should grant the motion only if the plaintiff can prove no set of facts that would support

a cause of action. *Id.* We review *de novo* a dismissal under section 2-619(a)(9) of the Code. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 377 (2003). Further, we review *de novo* questions of statutory construction, because they present questions of law. *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 235 (2005).

¶ 26    A court's primary objective in interpreting a statute is to ascertain and give effect to the legislature's intent. *Blum v. Koster*, 235 Ill. 2d 21, 29 (2009). The most reliable indicator of such intent is the language of the statute, which is to be given its plain and ordinary meaning. *Id.* In determining the plain meaning of the statute, we consider the statute it its entirety, the subject it addresses, and the legislature's apparent intent in enacting it. *Id.* When the statutory language is clear and unambiguous, it must be applied as written, without resort to extrinsic aids of statutory construction. *Id.* However, if a statute is capable of being understood by reasonably well-informed persons in two or more different ways, the statute will be deemed ambiguous. *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 11, (2009). If the statute is ambiguous, we may consider extrinsic aids of construction in order to discern the legislative intent. *Id.* We construe the statute to avoid rendering any part of it meaningless or superfluous. *Blum*, 235 Ill. 2d at 29. We do not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *Id.* We may also consider the consequences that would result from construing the statute one way or the other. *Landis*, 235 Ill. 2d at 12. In doing so, we presume that the legislature did not intend absurd, inconvenient, or unjust consequences. *Id.*

¶ 27                                        A. Section 13-217

¶ 28    Plaintiff argues first that section 13-217 does not prohibit refiling before a motion to vacate has been decided and that no case has held as such.

¶ 29    Again, section 13-217 provides that, when an action is dismissed for want of prosecution, "then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may *commence* a new action *within one year* or within the remaining period of limitation, whichever is greater, *after* *** the action is *dismissed for want of prosecution*." (Emphases added.)  735 ILCS 5/13-217 (West 1994).

¶ 30    Section 13-217 operates as an extension of the applicable statute of limitations.  See *Aranda v. Hobart Manufacturing Co.*, 66 Ill. 2d 616, 620 (1977).  It permits only one refiling of a claim, even if the limitations period has not expired.  *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 254 (1991).  An action refiled pursuant to section 13-217 is a new action from a procedural viewpoint, not a reinstatement of the old action, but "all prior rulings are binding in the second action."  *Hudson v. City of Chicago*, 228 Ill. 2d 462, 492 (2008); *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 504 (1997).  Section 13-217 is remedial in nature and should be liberally construed in favor of hearing a plaintiff's claim.  *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 106 (1996).  However, the statute serves "as an aid to the diligent, not a refuge for the negligent."  *Gendek v. Jehangir*, 119 Ill. 2d 338, 343 (1988).

¶ 31    Further, as noted, a DWP order is not a final and appealable order, because of the plaintiff's right to refile within one year.  *Flores v. Dugan*, 91 Ill. 2d 108, 111-12 (1982).  The DWP order becomes final upon the expiration of the one-year refiling period.  *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489 (1998).

> "When a cause of action has been dismissed for want of prosecution and more than 30 days have passed since the order was entered, a plaintiff is not precluded from moving the trial court to vacate the DWP, despite the party's decision not to refile, if the cause of action

remains viable within the statutory time period for refiling." *Progressive Universal Insurance Co. v. Hallman*, 331 Ill. App. 3d 64, 68 (2002) (citing cases).

¶ 32    Plaintiff asserts that the statute does not provide that the one-year period *begins* to run when a motion to vacate a DWP has been *disposed* of, let alone that a refiling is *prohibited* altogether until that time. Section 13-217, he notes, affords a plaintiff the right to commence "a new action within one year." 735 ILCS 5/13-217 (West 1994). He further notes that it does not mention motions to vacate or provide that they toll or delay the one-year period. Further, to hold that a motion to vacate tolls or delays the time for refiling, let alone bars a refiling until it is decided, reads into the statute an exception, limitation, or condition that the legislature did not express, which courts may not do. Plaintiff notes that he refiled his complaint on April 9, 2019, which was well within one year after the court's January 16, 2019, DWP. Therefore, he concludes, it was timely refiled and the trial court erred in dismissing the refiled complaint.

¶ 33    Defendants respond that section 13-217 must have a start date in order that the one-year period can be calculated. They contend that plaintiff essentially argues that the refiling can be too late, but not too early. Defendants assert that the statute's use of the terms "within" and "after" have meaning, and they urge that a refiling *can* be too early. Defendants also take the position that section 13-217 contains a latent ambiguity in that it fails to address how a timely motion to vacate a DWP affects the one-year period.

¶ 34    The parties disagree over the holdings of two cases: *Bowers* and *Wilson v. Evanston Hospital*, 276 Ill. App. 3d 885 (1995). In neither case did the plaintiff refile *before* the plaintiff's motion to vacate, and other filings, were resolved as to the first complaint.

¶ 35    In *Bowers*, the plaintiff appealed from an order dismissing his personal-injury action. The trial court had entered a DWP order on May 2, 1985, and the plaintiff moved to vacate the DWP

order on May 29, 1985. The motion was not heard until February 4, 1987, at which time the trial court, pursuant to local rule, denied plaintiff's motion. The plaintiff refiled his complaint on February 18, 1987, pursuant to section 13-217, and the defendants moved to dismiss the complaint, arguing that it was barred by the two-year statute of limitations. *Bowers*, 204 Ill. App. 3d at 136-37 (citing Ill. Rev. Stat. 1987, ch. 110, ¶ 13-202). The trial court granted the defendants' motion to dismiss, determining that the issue was whether the statute of limitations on personal-injury actions barred the plaintiff's refiled complaint. It further determined that the refiling period began to run from the date of the DWP order, not the date of the denial of the motion to vacate; thus, the refiled action was time barred.

¶ 36    The appellate court reversed and remanded, holding that, where "a motion to vacate is pending before the court, *the refiling period will not begin to run until the motion is decided.*" (Emphasis added.) *Id.* at 138-39. In reaching this conclusion, the court noted the established concept that a DWP order is not a final and appealable order. *Id.* at 137. It rejected the defendants' argument that the running of the refiling period from the date of denial of the motion to vacate would nullify the one-year period in section 13-217. *Id.* at 138. The court determined that the refiling period begins to run in the absence of a timely filed motion to vacate and expires after one year. *Id.* However, it further held, where a motion to vacate is filed, section 13-217 does not begin to run until the motion is decided. *Id.* at 138-39.

¶ 37    In *Wilson*, the plaintiffs appealed from the dismissal of their refiled medical-malpractice case. The trial court had entered a DWP order on October 23, 1989, and the plaintiffs moved to vacate the DWP on November 1, 1989. The motion was never served or noticed for hearing. On November 21, 1989, plaintiff Madeline Wilson filed a second motion to vacate the DWP, on her behalf only. It was noticed for hearing on March 25, 1991. On July 12, 1991, the trial court denied

her motion, which it found was the only motion before it.  (It was denied under local rule for failure to set it for hearing within 90 days.)  Madeline Wilson moved to reconsider, and the trial court denied her motion.  Both plaintiffs appealed the dismissal, the denial of the motion to vacate, and the denial of the motion to reconsider.

¶ 38    In a first appeal, the reviewing court dismissed the plaintiffs' appeal, because, given Madeline Wilson's right to refile under section 13-217 within one year from the denial of her second motion to vacate, there was no final and appealable order.  *Wilson*, 276 Ill. App. 3d at 886 (citing *Wilson v. Evanston Hospital*, 257 Ill. App. 3d 837 (1994)).  During the pendency of the first appeal, the plaintiffs refiled their action in the trial court, asserting that their motion to vacate the DWP was denied when the trial court denied Madeline Wilson's motion to reconsider.  The defendants moved to dismiss the refiled action, arguing that the one-year period under section 13-217 began to run from the denial of Madeline Wilson's motion to vacate, not when the trial court denied the motion to reconsider.  The trial court granted the defendants' motion, and the plaintiffs appealed.

¶ 39    In the second appeal, the issue was whether the one-year refiling period in section 13-217 began to run on the date the motion to *vacate* was denied or on the date the plaintiffs' motion to *reconsider* was denied.  Noting that it was a question of first impression, the appellate court held that "the filing of a motion for reconsideration does not toll the one-year limitation period under section 13-217." *Id.* at 888.  Because the plaintiffs did not refile their action within one year from the date of the *denial* of their motion to *vacate*, it was, the court held, properly dismissed as untimely.  *Id.*  The court analogized the refiling period under section 13-217 to the time for filing a notice of appeal under Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 1984), which provides that a notice of appeal must be filed within 30 days after the entry of an order that disposes of the

first pending posttrial motion. *Wilson*, 276 Ill. App. 3d at 887. It further provides that a reconsideration request does not toll the running of the time within which a notice of appeal must be filed. *Id.* A second posttrial motion, filed more than 30 days after the judgment but within 30 days of the denial of a first posttrial motion, does not extend the time for appeal. *Id.* Accordingly, the *Wilson* court concluded that, "if a motion for reconsideration which repeats the same arguments made in a previous motion is allowed to toll the refiling period, there would be a lack of finality and certainty in litigation." *Id.* at 888. It held that, "in order to promote certainty and finality of judgments, the one-year refiling period of section 13-217 begins to run when the motion to vacate the trial court's dismissal order is denied, and not when the motion to reconsider is denied." *Id.* In the case before it, the plaintiffs' complaint was filed almost 19 months after the trial court denied Madeline Wilson's motion to vacate and was, the court concluded, untimely. *Id.*

¶ 40    Here, plaintiff contends that *Bowers* and *Wilson* are of questionable authority, because (1) their rulings start the one-year refiling period at a different time (*i.e.*, when a motion to vacate is resolved) from what the statute provides (*i.e.*, when the DWP order is entered), and thus, they were incorrectly decided; (2) *Valdez v. Pappas*, 139 Ill. App. 3d 1 (1985), upon which *Bowers* relied, differs from *Bowers* in that the trial court in *Valdez* expressly retained jurisdiction to rule further in that case and the DWP was not fully entered on the first date, while in *Bowers* it was[3];

---

[3] The *Bowers* court relied on *Valdez*, wherein the trial court had entered a DWP order but also, in the same order, scheduled a hearing to vacate the order. At that later hearing, the trial court entered a DWP, and, subsequently, the plaintiff refiled the action. On appeal, the *Valdez* court held that the refiling period began to run from the date of the second order, because the trial court had retained authority in its initial order, thus, preventing the initial order from becoming final.

(3) the notion that the one-year period starts when a motion to vacate is *disposed* of contradicts the notion that a DWP order is not final if the party still has an opportunity to refile under section 13-217; and (4) the departure from the statutory language set forth in *Bowers* invites confusion over when the refiling period starts and ends, as seen in *Wilson* and here.

¶ 41    Alternatively, plaintiff argues that, even if *Bowers* was correctly decided, he still properly refiled his complaint, because nothing in *Bowers* or *Wilson prohibits* a refiling while a motion to vacate is pending.  In each of those cases, he notes, the motion to vacate was decided *before* the complaint was refiled and, therefore, the question presented here did not arise.  In *Bowers*, the refiling was within one year after the denial of the motion to vacate, while, in *Wilson*, it was not. *Bowers*, 204 Ill. App. 3d at 138; *Wilson*, 276 Ill. App. 3d at 888-89.  Plaintiff also speculates that the *Wilson* court's admonition that the extension is limited to prevent the prolonging of litigation would have led that court to likely approve the "early" refiling in the present case as simply rendering a motion to vacate unnecessary and moving the litigation along.  See *Wilson*, 276 Ill. App. 3d at 888.

¶ 42    Plaintiff also notes that Rule 303(a)(2) provides that an appeal is not dismissed merely because the notice of appeal is prematurely filed.  Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017) (when

---

*Bowers*, 204 Ill. App. 3d at 137-38 (citing *Valdez*, 139 Ill. App. 3d at 4).  The *Bowers* court held that the sole distinction between *Valdez* and the case before it was that the *Valdez* trial court "retained authority by its own order," whereas the trial court in the case before it retained authority by the plaintiff's filing of a timely motion to vacate the DWP.  *Id.* at 138.  The *Bowers* court concluded that the one-year period for refiling began to run when the motion to vacate was denied. *Id.*

a postjudgment motion is filed in a civil case, "a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion, or before the final disposition of any separate claim, becomes effective when the order disposing of said motion or claim is entered"). Rather, it becomes effective when the posttrial motion is decided. If section 13-217 applied in the same way as Rule 303, plaintiff asserts, then his refiled complaint was timely and should not have been dismissed.

¶ 43 Finally, plaintiff argues that the trial court erred in relying on *Bowers* and *Wilson*, where its analysis was akin to a finding that it lacked subject-matter jurisdiction. This runs afoul, he maintains, of the rule that a trial court has jurisdiction over all justiciable matters and is not limited by statute. Because the refiled complaint, he urges, is a justiciable matter, neither section 13-217 nor the delayed refiling limited the court's jurisdiction over the case.

¶ 44 Defendants respond that *Bowers* and *Wilson*, through the time-computation principles they establish, prohibit early refiling. *Bowers*, they argue, fixes the statutory start date. It establishes, in their view, that, in the event of a timely filed initial motion to vacate, the section 13-217 right to refile *begins after resolution of that motion*. The principle is to delay the start date until the underlying matter is resolved; thus, defendants assert, *Bowers* speaks directly to the dispositive issue in this appeal. See *Bowers*, 204 Ill. App. 3d at 138-39 (holding that, where "a motion to vacate is pending before the court, the [section 13-217] refiling period will not begin to run until the motion is decided"). Defendants acknowledge that, unlike here, *Bowers* involved a decision on a pending motion and not its withdrawal, but they maintain that the court's rationale centered on *pendency* and further argue that whether the action was resolved by ruling or withdrawal is immaterial; it is *resolution* that matters and, according to *Bowers*, plaintiff prematurely refiled his complaint.

¶ 45　　We conclude that the statute and case law do not preclude the refiling that occurred in this case.  As to section 13-217, it clearly allows for the procedure plaintiff employed.  It provides, as relevant here, that a plaintiff "may commence a new action within one year *** after *** the action is dismissed for want of prosecution."  735 ILCS 5/13-217 (1994).  Plaintiff did precisely this.  He refiled his complaint, *i.e.*, the new action, well within one year after the January 16, 2019, DWP of the initial complaint.  The statute does address motions directed against a DWP and does not require that any such motions be resolved before a plaintiff may commence a new action.

¶ 46　　Turning to the case law, we find *Bowers* and *Wilson* of limited value in assessing the issue before us, and, therefore, we decline plaintiff's request to conclude that they were wrongly decided.  Plaintiff takes issue with the *Bowers* court's holding that, when a motion to vacate is pending, the section 13-217 refiling period begins to run when the motion is decided.  *Bowers*, 204 Ill. App. 3d at 138-39.  We will not address the propriety of the *Bowers* court's analysis, because the issue in *Bowers* is not the precise issue before us.

¶ 47　　We also disagree with defendants that the time-computation principles enunciated in *Bowers* and *Wilson* warrant affirmance.  Again, the facts in those cases are not the same as those present here.  *Bowers* stands only for the proposition that, when a motion to vacate is filed, the section 13-217 one-year refiling period commences on the date that the motion is resolved.  *Bowers*, 204 Ill. App. 3d at 138-39.  *Wilson* instructs that resolution of any motion subsequent to the motion to vacate does not toll the one-year period.  *Wilson*, 276 Ill. App. 3d at 888.  Clearly, neither case involves or answers whether a refiling that predates the resolution of a motion to vacate has any effect on the validity of the refiling.

¶ 48　　Having determined that the statute does not preclude plaintiff's refiling and that the case law is not on point, we turn to plaintiff's next set of arguments.

¶ 49                                    B. Statutory Goal and Judicial Economy

¶ 50    Plaintiff next argues that his refiling of the complaint while the motion to vacate was still pending was consistent with the statute's goals and promoted judicial economy. We agree.

¶ 51    "Section 13-217 operates as a savings statute, with the purpose of facilitating the disposition of litigation on the merits and avoiding its frustration upon grounds unrelated to the merits." *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 215 (2007); see also *Estate of Young*, 2020 IL App (2d) 190392, ¶ 18 ("[c]ourts liberally construe section 13-217 to achieve its remedial purpose, which is 'to protect plaintiffs from complete loss of relief on the merits because of some procedural defect unrelated to the merits' " (quoting *Edwards v. Safer Foundation, Inc.*, 171 Ill. App. 3d 793, 796 (1988))).

¶ 52    Plaintiff argues that neither the trial court nor defendants offered any policy reason explaining why plaintiff should be prohibited from refiling under section 13-217 while his motion to vacate remained pending. He asserts that the policy underlying the statute supports his actions. Plaintiff notes that the refiling right is absolute and that the statute should be liberally construed in favor of hearing a plaintiff's claim. Here, plaintiff argues, the trial court narrowly construed the statute to deny him a hearing. Next, he notes that the statute operates as an extension of the statute of limitations. Here, plaintiff argues, the trial court imposed an artificial time period, creating a window prohibiting refiling *before* it commenced, an approach not taken in the statute itself or in the case law construing it. He further notes that defendants did not argue that they were prejudiced by the "early" refiling. Judicial economy, he also argues, supports the refiling of the case while the motion to vacate was still pending. The refiling, plaintiff maintains, removed an entire issue from the motion to vacate that would have been heard on April 10, 2019: whether the trial court should vacate the DWP of the complaint in the first place. As a result of his refiling, plaintiff

asserts, the motion to vacate the DWP of the complaint was mooted. By contrast, he argues, the trial court's decision resulted in a second trip to this court before plaintiff can even have his case heard. Judicial economy, he urges, does not prohibit refiling prior to the disposition of a motion to vacate; rather, it encourages it. Finally, plaintiff argues that, even if he "committed a technical error" and refiling one day before he withdrew his motion to vacate the DWP could have resulted in two proceedings pending between the same parties for the same cause, such a result did not occur, because he withdrew his motion to vacate the DWP *one day after* the refiling, rendering that dismissal final, though not appealable. Thus, by the time defendants were served and filed their motion, there was only one case pending between the parties. Even if there were two cases pending, he further posits, section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2018) (involuntary dismissal based on the fact that another action is pending between the same parties for the same cause)) does not mandate automatic dismissal, but it grants the trial court discretion to stay one action while the other continues or even to determine that both actions should proceed. See *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447-48 (1986) (noting that decision to grant or deny a defendant's section 2-619(a)(3) motion is discretionary with the trial court; further outlining four factors a court should consider in deciding whether a dismissal or stay under section 2-619(a)(3) is warranted: comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum). Here, plaintiff maintains, instead of conducting an analysis under *Kellerman*, which would have resulted in denial of the motion to dismiss because only one case remained, the trial court dismissed the case based on section 13-217 alone. This was error, he argues.

¶ 53    Defendants respond that the section 13-217 right is not unqualified and is not a means to prolong litigation.  The statutory requirements, they note, must be met.  Plaintiff chose to refile early, and his tactical decision failed to meet the statute's time limitations.  Section 13-217 exists to rescue the original claim, they note, not the refiled one.  Thus, defendants conclude, the trial court did not err in dismissing the complaint.  Furthermore, plaintiff's error was not merely "technical" and was instead a failure to refile within the time prescribed by law—he chose to refile early.  Next, addressing plaintiff's judicial economy argument, defendants contend that plaintiff was not up against any time constraints and chose to pursue a motion to vacate and then inexplicably refiled his case the day before the hearing set for the motion to vacate, at which time he withdrew his motion.  Plaintiff's refiling, defendants argue, is the antithesis of judicial economy.  Judicial economy, in their view, would have been served by proceeding to a hearing on plaintiff's motion to vacate.  If successful, no refiling would have been necessary.  If unsuccessful, plaintiff could have refiled thereafter.  They also suggest that economy would have been better served by withdrawing the motion to vacate and, only afterwards, refiling the case.  Instead, in their view, plaintiff took multiple bites at the same apple and chose to proceed in a course of conduct that flouted the most basic of procedural concepts: wait until your case is resolved until you refile.  This was, defendants contend, error.

¶ 54    We conclude that, under the circumstances of this case, where defendants have not articulated (and we cannot discern) how they were prejudiced by plaintiff's refiling and neither the statute nor case law prohibit a refiling prior to the withdrawal of a motion to vacate a DWP, the trial court's dismissal warrants reversal.  This is not a situation where the plaintiff refiled his complaint too late, thereby clearly foreclosing further litigation.  735 ILCS 5/13-217 (West 1994).  Nor does this case implicate jurisdictional concerns.  See *Flores*, 91 Ill. 2d at 111 (a DWP order is

not a final and appealable order, because of the plaintiff's right to refile within one year). Judicial economy weighs in favor of finding no error with the refiling here. Also, the fact that the statute does not preclude such a result promotes the goal of avoiding statutory interpretations that lead to absurd, inconvenient, or unjust consequences (*Landis*, 235 Ill. 2d at 12) and is consistent with the remedial nature and liberal construction of section 13-217 (*Bryson*, 174 Ill. 2d at 106). Faced with an unusual sequence of filings, the trial court, in the interest of judicial economy and the statutory goal of " 'protect[ing] plaintiffs from complete loss of relief on the merits because of some procedural defect unrelated to the merits' " (*Estate of Young*, 2020 IL App (2d) 190392, ¶ 18 (quoting *Edwards*, 171 Ill. App. 3d at 796)), should have denied defendants' motion to dismiss plaintiff's refiled complaint.

¶ 55                                        III. CONCLUSION

¶ 56    For the reasons stated, the judgment of the circuit court of Kane County is reversed and the cause is remanded for further proceedings.

¶ 57    Reversed and remanded.

¶ 58    JUSTICE McLAREN, specially concurring:

¶ 59    I specially concur because I do not see the need for further analysis once we determined that the statutory language clearly relates that the refiling time starts from the date the DWP order is entered and that the refiling here was timely. The majority opinion contains an analysis under the heading "Statutory Goal and Judicial Economy." I consider this portion of the disposition to be *judicial dictum* at best and extraneous at worst. See *Exelon Corp. v. Department of Revenue*, 234 Ill. 2d 266, 277-78 (2009) ("an expression of opinion upon a point in a case argued by counsel and deliberately passed upon by the court, though not essential to the disposition of the cause, if

*dictum*, is a judicial *dictum*" (emphasis omitted)).  In this instance I believe the analysis to be both *dictum* and extraneous.

---

**No. 2-19-1042**

---

| | |
|---|---|
| **Cite as:** | *Young v. Wieland*, 2020 IL App (2d) 191042 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 19-L-175; the Hon. John A. Noverini, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Philip J. Piscopo, of Law Offices of Cooper, Storm & Piscopo, of Geneva, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kevin L. Nelson, of Myers, Earl & Nelson, P.C., of Geneva, for appellees. |

---