RALPH MAGGETTE, Plaintiff-Appellant, v. PEOPLES GAS LIGHT AND COKE COMPANY, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—90—1977

Opinion filed April 3, 1992.

---

Robert J. Austin and Sam Cuba, both of Jeffrey D. Schultz, of Chicago, for appellant.

Barbara Baran and Kevin J.P. O'Hara, both of Ross & Hardies, of Chicago, for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Ralph Maggette was injured on September 20, 1982, when the street pavement on which he was driving suddenly collapsed. He filed suit against Peoples Gas Light and Coke Company (Peoples Gas), alleging their negligence in performing prior work at the site of the occurrence. The trial court awarded summary judgment to Peoples Gas on July 13, 1989, and on June 21, 1990, denied plaintiff's motion for reconsideration. Plaintiff now appeals both the grant of summary judgment and the subsequent denial of his claim for reconsideration.

Assuming, *arguendo*, that the initial grant of summary judgment for defendant was not in error, we turn to plaintiff's contention that the denial of his request for reconsideration was inappropriate. In granting defendant's motion for summary judgment, the trial judge stated:

"Counsel, if you can come up with any evidence that the hole they dug over here caused this—the ground under this one to come out, I will be happy to reconsider it. But you have thirty (30) days to do it. Okay."

Thereafter, the plaintiff filed a timely motion to reconsider, attaching the affidavit of his expert witness. At this time, defendant urged the court to consider the opinion of our supreme court in *Delgatto v. Brandon Associates, Inc.* (1989), 131 Ill. 2d 183, 545 N.E.2d 689, which held that an expert affidavit first introduced in a

motion for reconsideration "should not be allowed in the absence of a reasonable explanation why it was not available at the time of the original hearing." (*Delgatto*, 131 Ill. 2d at 195, 545 N.E.2d at 695.) Notwithstanding the fact that he had previously told plaintiff that he would consider additional evidence if filed within 30 days, the trial judge relied upon *Delgatto* and struck the expert affidavit. Without the expert affidavit the plaintiff's motion for reconsideration had no supporting evidence, so it was denied.

Without departing from the authority established by *Delgatto*, we find that the trial judge's comments at the hearing on the motion for summary judgment were equivalent to an order granting leave to amend, and unambiguously invited the subsequent refiling of plaintiff's motion for reconsideration with supporting affidavit. (See *Romo v. Allin Express Service, Inc.* (1991), 219 Ill. App. 3d 418, 579 N.E.2d 924 (in which we found that the trial judge's denial of a section 2—1401 petition (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) "without prejudice" was substantially similar to an order granting leave to amend, and as such provided the authority for plaintiff to file a second such petition).) In the instant action, plaintiff's counsel relied upon the trial judge's "invitation" to conduct additional discovery and present the resulting expert affidavit. To deny his resulting efforts is both legally unsound and undeniably unjust. We therefore reverse the trial court's orders striking the expert affidavit and denying plaintiff's motion for reconsideration, and remand this cause with directions to consider plaintiff's claims anew.

Reversed and remanded.

MURRAY and GORDON, JJ., concur.