MADELINE WILSON *et al.*, Plaintiffs-Appellants, v. EVANSTON HOSPITAL *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—94—1395

Opinion filed December 15, 1995.

Michael W. Rathsack, of Chicago (Louis S. Goldstein, Cindy G. Fluxgold, and Michael W. Rathsack, of counsel), for appellants.

Clausen, Miller, P.C., of Chicago (James T. Ferrini, Diane M. Baron, Sonia V. Odarczenko, and Imelda Terrazino, of counsel), for appellees.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiffs Madeline Wilson and Dennis Wilson appeal from the dismissal of their action alleging malpractice and loss of consortium against defendants Evanston Hospital, Debra Elmer and Mary Hirsch. We affirm.

Plaintiffs filed suit against defendants on April 26, 1989. On October 23, 1989, plaintiffs' counsel failed to appear at a progress call and their action was dismissed for want of prosecution. On November 1, 1989, plaintiffs filed a motion under section 2—1301 of the Code of

Civil Procedure (735 ILCS 5/2—1301(e) (West 1994)) to vacate the October 23, 1989, dismissal order. The motion was never served or noticed for hearing. On November 21, 1989, plaintiff Madeline Wilson filed a second motion to vacate on her behalf only. This motion was first noticed for hearing on March 25, 1991, more than 15 months after it was filed. On July 12, 1991, the circuit court denied plaintiff Madeline Wilson's motion to vacate, which the court found was the only motion properly before it. The motion was denied under Cook County Circuit Court Rule 2.3 for failure to set the motion for hearing within 90 days of filing. (Cook Co. Cir. Ct. R. 2.3.) The trial court also rejected plaintiff's revestment theory. On August 9, 1991, Madeline Wilson filed a motion to reconsider the order of July 12, 1991, which denied her motion to vacate the prior dismissal for want of prosecution order and to reinstate the case. The trial court denied the motion to reconsider on March 24, 1992.

Both plaintiffs appealed the trial court orders dismissing the action, denying the motion to vacate, and denying the motion to reconsider. On January 21, 1994, this court dismissed plaintiffs' appeal on the basis that there was no final and appealable order because plaintiff Madeline Wilson had an absolute right under section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1994)) to refile her complaint within one year from the July 12, 1991, denial of her motion to vacate. (*Wilson v. Evanston Hospital* (1994), 257 Ill. App. 3d 837, 629 N.E.2d 589.) The court expressed no opinion as to whether the filing of a motion to reconsider further extends the one-year refiling period.

While the appeal was pending, plaintiffs refiled their action in the trial court on February 10, 1993, claiming that their motion to vacate a dismissal for want of prosecution was denied on March 24, 1992. Defendants moved to dismiss plaintiffs' refiled action as untimely in that the one-year refiling period under section 13—217 began to run from the denial of Madeline Wilson's motion to vacate on July 12, 1991, not on March 24, 1992, when the trial court denied the motion to reconsider. The trial court granted defendants' motion and plaintiffs appeal.

The sole issue on appeal is whether the one-year time period for refiling began to run either on July 12, 1991, the date plaintiff Madeline Wilson's motion to vacate was denied, or on March 24, 1992, the date plaintiff's motion to reconsider was denied. This is an issue of first impression in Illinois.

■ Section 13—217 of the Code of Civil Procedure provides in pertinent part:

"In the actions *** where the time for commencing an action is

limited, if *** the action is dismissed for want of prosecution *** whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution ***." (735 ILCS 5/13—217 (West 1994).)

In *Bowers v. Village of Palatine* (1990), 204 Ill. App. 3d 135, 561 N.E.2d 1154, the court determined that where a timely motion to vacate an order of dismissal has been filed, the one-year refiling period begins to run on the date the motion to vacate is decided, rather than the date of the dismissal order.

■ Plaintiffs in the instant case did not refile their action within one year from the date the trial court denied their motion to vacate, but instead, filed a motion to reconsider the denial of the motion to vacate, and refiled their complaint within one year of the date the motion to reconsider was denied. In *Bowers*, no motion for reconsideration was filed. Plaintiffs urge us to hold that when a motion to reconsider is filed, the time period for refiling begins to run on the date the motion to reconsider is denied.

We find the time for refiling an action under section 13—217 to be analogous to the time for filing a notice of appeal under Supreme Court Rule 303. (134 Ill. 2d R. 303.) Rule 303 provides that a party must file a notice of appeal within 30 days after the entry of an order which disposes of the first pending post-trial motion. (134 Ill. 2d R. 303(a)(2).) Rule 303(a)(2) provides that "[n]o request for reconsideration of a ruling on a post-trial motion will toll the running of time within which a notice of appeal must be filed under this rule." (134 Ill. 2d R. 303(a)(2).) A second post-trial motion, filed more than 30 days after judgment but within 30 days of denial of the first post-trial motion, does not extend the time for appeal. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610; *Illinois State Toll Highway Authority v. Gary-Wheaton Bank* (1990), 203 Ill. App. 3d 672, 561 N.E.2d 377.) As the court explained in *Sears*:

"A second post-judgment motion (at least if filed more than 30 days after judgment) is not authorized by either the Civil Practice Act or the rules of this court and must be denied. (*Deckard*.) There is no provision in the Civil Practice Act or the supreme court rules which permits a losing litigant to return to the court indefinitely, hoping for a change of heart or a more sympathetic judge. Permitting successive post-judgment motions would tend to prolong the life of a lawsuit—at a time when the efficient administration of justice demands a reduction in the number of cases pending in trial courts—and would lend itself to harass-

ment. There must be finality, a time when the case in the trial court is really over and the losing party must appeal or give up. Successive post-judgment motions interfere with that policy. And justice is not served by permitting the losing party to string out his attack on a judgment over a period of months, one argument at a time, or to make the first motion a rehearsal for the real thing next month." (*Sears*, 85 Ill. 2d at 259-60.)

In *B-G Associates, Inc. v. Giron* (1990), 194 Ill. App. 3d 52, 550 N.E.2d 1080, the court found a second section 2—1301 motion improper, stating that successive post-trial motions would be harassing as well as defeat the judicial goals of finality of judgments and certainty by allowing a losing party to return to the court indefinitely to attack the underlying judgment. We likewise determine that if a motion for reconsideration which repeats the same argument made in a previous motion is allowed to toll the refiling period, there would be a lack of finality and certainty in litigation.

Our supreme court has cautioned against permitting a litigant to use section 13—217 as a means to harass the opposition and prolong litigation. Although section 13—217 is to be liberally construed, it permits one, and only one, refiling of a claim even if the statute has not expired. (*Flesner v. Youngs Development Co.* (1991), 145 Ill. 2d 252, 582 N.E.2d 720.) The rationale behind this rule is that section 13—217 acts as a limited extension to prevent injustice, but should not be permitted to become a harassing renewal of litigation. *Gendek v. Jehangir* (1988), 119 Ill. 2d 338, 518 N.E.2d 1051; *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 385 N.E.2d 62.

We therefore find the only logical conclusion to be that the filing of a motion for reconsideration does not toll the one-year limitations period under section 13—217. A plaintiff should not be permitted to extend the refiling period beyond the limitations period fixed by the statute by merely filing a motion to reconsider the trial court's prior denial of her post-trial motion. If the refiling time under section 13—217 were to begin when the motion to reconsider is denied, a plaintiff could indefinitely extend the limitations period by filing successive motions to reconsider, since the denial of each successive motion would begin another limitations period. We therefore conclude that in order to promote certainty and finality of judgments, the one-year refiling period of section 13—217 begins to run when the motion to vacate the trial court's dismissal order is denied, and not when the motion to reconsider is denied. Plaintiffs' complaint, refiled nearly 19 months after the trial court denied Madeline Wilson's motion to vacate, was therefore properly dismissed as untimely. We note that even after plaintiff Madeline Wilson's motion for reconsideration was

denied on March 24, 1992, plaintiffs still had almost four months in which to timely refile their complaint within one year of the July 12, 1991, order denying the motion to vacate. Plaintiffs instead chose to wait until February 10, 1993, to refile.

Plaintiffs claim that the motion to reconsider filed in this case was merely a continuation of the motion to vacate and was invited by the trial court. In support of this argument, plaintiffs rely on *Maggette v. Peoples Gas Light & Coke Co.* (1992), 228 Ill. App. 3d 180, 181, 592 N.E.2d 531, wherein the trial court granted summary judgment in favor of defendant but informed plaintiff's counsel that if he came up with evidence of defendant's liability, the court would "be happy to reconsider it." The appellate court in *Maggette* reversed the trial court order denying plaintiff's motion for reconsideration, finding that the trial court "unambiguously invited" the motion to reconsider and the denial of that motion on technical grounds was improper. (*Maggette,* 228 Ill. App. 3d at 182.) We have carefully reviewed the record in this case and do not find that the trial court invited plaintiff Madeline Wilson to file a motion for reconsideration.

In light of our decision that the trial court properly dismissed plaintiff Madeline Wilson's cause of action on the basis that it was time barred under section 13—217, we also find that plaintiff Dennis Wilson's action is time barred. Dennis Wilson's action for loss of consortium is derivative of Madeline Wilson's cause of action. Therefore, because Madeline Wilson's claim was dismissed as time barred, Dennis Wilson's claim must also be dismissed. *Blonder v. Watts* (1988), 166 Ill. App. 3d 633, 520 N.E.2d 75.

Accordingly, for the reasons set forth above, the trial court order dismissing plaintiffs' action is affirmed.

Affirmed.

COUSINS, P.J., and T. O'BRIEN, J., concur.