THE PEOPLE *ex rel.* JAMES E. RYAN, Attorney General of Illinois, Plaintiff-Appellant, v. RUDE WAY ENTERPRISES, INC., n/k/a Ricci and Associates, Inc., *et al.*, Defendants-Appellees.

First District (4th Division)   Nos. 1—99—3522, 1—00—3217 cons.

Opinion filed December 13, 2001.—Rehearing denied January 15, 2002.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Jerald S. Post, Assistant Attorney General, of counsel), for appellant.

Kenneth N. Flaxman, of Chicago, for appellees.

JUSTICE THEIS delivered the opinion of the court:

The State of Illinois (State) appeals from an order of the circuit court of Cook County dismissing several counts of its complaint for failure to state a cause of action as a matter of law. At issue in this appeal is whether this court has jurisdiction to address the matter and, if so, whether the allegations in the complaint were sufficient to state a cause of action upon which relief could be granted. For the following reasons, the appeal is dismissed.

The State filed an amended complaint against defendants, Rude Way Enterprises, Inc., now known as Ricci & Associates, Inc., an Illinois corporation, Randal Ricci, and Combined Counties Police Association, an Illinois not-for-profit corporation (CCPA). Therein it alleged a violation of the Solicitation for Charity Act (225 ILCS 460/0.01 *et seq.* (West 1996)) (count I), alleged common law misrepresentation and fraud (count II), sought an imposition of a constructive trust on funds improperly solicited (count III), and further alleged a violation of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1996)) (count IV).

On November 26, 1998, the circuit court dismissed counts II, III, and IV as failing to state a cause of action as a matter of law, relying on the holding in *People ex rel. Ryan v. Telemarketing Associates, Inc.,* 313 Ill. App. 3d 559, 729 N.E.2d 965 (2000), *aff'd*, 198 Ill. 2d 345 (2001). The court's order did not include a finding that the dismissal order was immediately appealable pursuant to Supreme Court Rule 304(a). 155 Ill. 2d R. 304(a). The record reveals that, at that time, the State indicated its intent to voluntarily dismiss count I and thereafter perfect an appeal from the adverse ruling on the remaining counts.

However, on April 22, 1999, count I was dismissed for want of prosecution (DWP). On May 21, 1999, the State filed a motion to reconsider and vacate the DWP. That motion was denied on June 2, 1999. On June 14, 1999, the State filed a second motion to reconsider. The circuit court provisionally granted the motion and vacated the DWP, but thereafter on August 31, 1999, the court denied the motion to reconsider and reinstated the DWP order.

On September 30, 1999, the State filed its first notice of appeal, seeking review of the orders of August 31, 1999, and November 26, 1998 (appeal No. 1—99—3522). Thereafter, on September 12, 2000, it

filed a second notice of appeal, seeking review of the same orders (appeal No. 1—00—3217). However, we note that the State does not raise any issue in its appeal concerning the order of August 31, 1999, or the DWP. Its sole contentions on appeal relate to the November 26, 1998, dismissal of counts II, III, and IV.

We commence our analysis by addressing defendants' contention that we lack jurisdiction to hear this matter. Specifically, defendants maintain that the entire matter was not final and appealable until after the expiration of the statutory one-year refiling period for actions subject to a DWP. Furthermore, defendants argue that the one-year refiling period began to run upon the denial of the State's motion to vacate. Therefore, the State was required to file its notice of appeal within 30 days of June 2, 2000. The State contends that this court has jurisdiction pursuant to Supreme Court Rule 301. 155 Ill. 2d R. 301.

■ Rule 301 allows appeals from final judgments as a matter of right. 155 Ill. 2d R. 301. A judgment or order is "final" if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502, 687 N.E.2d 871, 874 (1997).

■ However, under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), if a trial court's order disposes of fewer than all of the claims in an action, the court must make an express written finding that there is no just reason for delaying enforcement or appeal of those claims. *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 465, 563 N.E.2d 459, 463 (1990). Without the Rule 304(a) finding, a final order disposing of fewer than all of the claims is not an appealable order and does not become appealable until all of the claims have been resolved. *Marsh*, 138 Ill. 2d at 465, 563 N.E.2d at 463. Thus, in the present case, the order dismissing with prejudice counts II, III, and IV was a final order but, because there was no Rule 304(a) finding, it was not immediately appealable until the remaining count I had been resolved.

The State initially argues that count I was resolved and the matter became final and appealable when the DWP was entered, citing *Dubina* in support. There, a defendant sought to appeal certain final orders entered in a suit that was ultimately voluntarily dismissed. The court held that the voluntary dismissal terminated the action and that all orders which were final in nature, but not previously appealable, became immediately appealable. *Dubina*, 178 Ill. 2d at 503, 687 N.E.2d at 874-75. However, the *Dubina* case is distinguishable given the nature of a DWP order.

■ Our supreme court in *Flores v. Dugan*, 91 Ill. 2d 108, 112, 435 N.E.2d 480, 482 (1982), explained that a DWP order does not operate

as a final order and does not terminate the litigation because the party has an absolute right to refile its action within one year pursuant to the savings statute set forth in the predecessor statute to section 13—217 of the Code of Civil Procedure. 735 ILCS 5/13—217 (West 1994); see also *Wold v. Bull Valley Management Co.*, 96 Ill. 2d 110, 449 N.E.2d 112 (1983).

Thereafter, in *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 502, 693 N.E.2d 338, 344 (1998), the supreme court, relying on *Flores*, held that it is not until the expiration of the period for refiling under section 13—217 that a DWP order becomes a final and appealable order. Thus, unlike the voluntary dismissal in *Dubina*, here the order dismissing count I for want of prosecution was not itself a final order and could not terminate the litigation with respect to all counts until the period for refiling under section 13—217 had expired. *S.C. Vaughan Oil Co.*, 181 Ill. 2d at 502, 693 N.E.2d at 344; 735 ILCS 5/13—217 (West 1994). Consequently, the State's notice of appeal filed on September 30, 1999, prior to the expiration of the refiling period, was premature.

To determine whether the second notice of appeal, filed on September 12, 2000, was timely, we must consider whether the one-year time period for refiling began to run on June 2, 1999, the date the motion to vacate the DWP was denied, or on August 31, 1999, the date the subsequent motion to reconsider was ultimately denied. It has been held previously that, where a timely motion to vacate an order of dismissal has been filed, the one-year refiling period does not begin to run until the trial court has ruled on the motion to vacate the DWP. See *Bowers v. Village of Palatine*, 204 Ill. App. 3d 135, 138-39, 561 N.E.2d 1154, 1156 (1990).

However, in *Wilson v. Evanston Hospital*, 276 Ill. App. 3d 885, 888, 659 N.E.2d 99, 102 (1995), this court rejected the argument that a plaintiff is permitted to extend the refiling period beyond the limitations period fixed by the statute by filing additional motions to reconsider after the motion to vacate had been denied. Thus, the court held that, "in order to promote certainty and finality of judgments, the one-year refiling period of section 13—217 begins to run when the motion to vacate the trial court's dismissal order is denied, and not when the motion to reconsider is denied." *Wilson*, 276 Ill. App. 3d at 888, 659 N.E.2d at 102.

■ Applying these principles to the present case, the DWP was entered on April 22, 1999. The motion to vacate the DWP was denied on June 2, 1999. Thus, the matter became final and appealable on June 2, 2000. The State's notice of appeal filed on September 12, 2000, was therefore untimely.

While we make no judgment on the ability of a party to file successive motions to reconsider a denial of a motion to vacate a DWP, it is clear that the *filing* of the successive motion does not toll the one-year limitations period under section 13—217. Otherwise, the limitations period could be theoretically extended for an indefinite period of time until the successive motions are heard and denied. Such an approach is inconsistent with the promotion of finality and certainty of judgments and the purpose of section 13—217. The rationale behind section 13—217 is to provide a limited extension to prevent injustice and not to provide a mechanism to prolong litigation. See *Gendek v. Jehangir*, 119 Ill. 2d 338, 343, 518 N.E.2d 1051, 1053 (1988).

Accordingly, we lack jurisdiction over this matter.

Dismissed.

HOFFMAN, P.J., and HARTMAN, J., concur.