2021 IL App (1st) 191982-U

THIRD DIVISION
October 27, 2021

No. 1-19-1982

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| BRODERICK STACKEN, JR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | Appeal from the Circuit |
| | ) | Court of Cook County, |
| STRATFORD MOES INC. d/b/a MOE'S SOUTHWEST | ) | Law Division |
| GRILL, an Illinois corporation, W2001 VHE REALTY, | ) | |
| L.L.C. a Delaware Limited liability company, and MID- | ) | No. 18 L 13653 |
| AMERICA ASSET MANAGEMENT, INC., an Illinois | ) | |
| Corporation, MID-AMERICA REAL ESTATE | ) | Honorable |
| CORPORATION, an Illinois Corporation, and MID- | ) | Brendan A. O'Brien, |
| AMERICA REAL ESTATE GROUP, L.L.C., an Illinois | ) | Judge Presiding. |
| Corporation, individually and d/b/a MID-AMERICA | ) | |
| REAL ESTATE GROUP, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*: Reversed and remanded. Plaintiff's refiled complaint was timely, as it was refiled within one year of denial of plaintiff's motion to vacate dismissal for want of prosecution.

¶ 2    Plaintiff originally filed this personal-injury lawsuit in December 2014. The circuit court entered an order of dismissal for want of prosecution (DWP) on December 20, 2016. Plaintiff promptly moved to vacate that DWP. Due to plaintiff's failure to properly and promptly give

notice of that motion, that motion to vacate the DWP was not presented until January 2018 and was not decided until April 19, 2018, when the trial court denied it. Plaintiff then refiled her lawsuit within one year of that denial, specifically December 19, 2018. The trial court dismissed the refiled action as untimely, as she did not file it within one year of the December 2016 DWP order, as the court believed was required under section 13-217 of the Code of Civil Procedure.

¶ 3    We reverse. Under long-settled case law, if a plaintiff timely moves to vacate a DWP, the one-year clock on refiling an action under section 13-217 does not begin until the denial of that motion. The refiled complaint was thus timely, as it was filed within one year of the denial of the motion to vacate the DWP.

¶ 4                                          BACKGROUND

¶ 5    On January 4, 2013, plaintiff suffered personal injuries after he fell off a ladder affixed to a building owned and/or controlled by defendants. Plaintiff was on the premises to perform a heating repair. Nearly two years later, on December 31, 2014, plaintiff filed suit against defendants with claims based in negligence and premises liability.

¶ 6    On June 13, 2016, the case was dismissed for want of prosecution for the first time, after plaintiff's counsel did not appear at a hearing. Plaintiff's counsel promptly moved to vacate the DWP, which the trial court granted. A trial date was set for August 14, 2017.

¶ 7    On December 20, 2016, the court entered a second DWP—the operative one for our purposes—again based on counsel's failure to appear for a hearing. Within thirty days, specifically January 18, 2017, plaintiff moved to vacate that DWP. Plaintiff's notice of motion, however, indicated the wrong courtroom. Plaintiff's counsel notified opposing counsel of the mistake and stated that she would file an amended notice of motion.

¶ 8       She did so, but the amended notice was never sent to opposing counsel, resulting in the motion again being stricken from the call on January 30, 2017.

¶ 9       Plaintiff took no further action for nearly a year. Then on December 27, 2017, over a year after the DWP was entered, plaintiff provided defendant with another notice of motion to vacate the DWP. That hearing was scheduled for January 8, 2018. At that hearing, the trial judge granted plaintiff leave to file an amended motion that more fully explained the argument in favor of vacatur. Plaintiff filed that amended motion to vacate in January 2018.

¶ 10      At the subsequent hearing on April 19, 2018, the court denied the motion to vacate.

¶ 11      Six months later, on December 19, 2018, plaintiff refiled the original action. This refiled action was obviously within a year after the motion to vacate was denied, but it was two years after the DWP order was originally entered in December 2016. The trial court read the law, specifically section 13-217, as allowing plaintiff only one year after the entry of the DWP order to refile his action and thus dismissed the refiled action as time-barred. Plaintiff moved for reconsideration, but that motion was denied. Plaintiff timely appealed.

¶ 12                                              ANALYSIS

¶ 13      At issue here is section 13-217 of the Code of Civil Procedure. See 735 ILCS 5/13-217 (West 2020). That statute generally allows plaintiffs, after the entry of certain dismissals, to refile their complaints within one year of that ruling or within whatever amount of time remains on the statute of limitations, whichever is greater. *Eighner v. Tiernan*, 2021 IL 126101, ¶ 20. It is often called a " 'savings statute.' " *Id*. (quoting *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 497 (1998)). Its purpose is to "facilitat[e] the disposition of litigation on the merits and to avoid its frustration upon grounds unrelated to the merits." *S.C. Vaughan*,

181 Ill. 2d 489, 497 (1998). We liberally construe the statute to achieve that remedial purpose. See *In re Estate of Young*, 2020 IL App (2d) 190392, ¶ 18.[1]

¶ 14    Before we break it down into its relevant portions, here is the statute in its entirety:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the

_____

[1] Section 13-217 was amended in 1995 by Public Act 89-7, but that act was found unconstitutional in its entirety in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). The version of section 13-217 in effect is the version that preceded that 1995 amendment. See *Eighner*, 2021 IL 126101, ¶ 1 n.1; *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 n.1 (2008).

action is dismissed by a United States District Court for improper venue." 735 ILCS

5/13-217 (West 2020).

¶ 15    Because this case involves a DWP, here is the portion of the statute that governs our

analysis:

"[I]f *** the action is dismissed for want of prosecution, *** then, whether or not

the time limitation for bringing such action expires during the pendency of such action,

the plaintiff *** may commence a new action within one year or within the remaining

period of limitation, whichever is greater, after *** the action is dismissed for want of

prosecution." 735 ILCS 5/13-217 (West 2020).

¶ 16    On its face, quite clearly, the statute allows a plaintiff to refile a lawsuit within a year of a

DWP, unless more than a year remains on the statutory limitations period, in which case the

plaintiff gets that longer period of time to refile. As such, our supreme court has long held that a

DWP is *not* a final judgment disposing of the litigation, subject to appeal or collateral challenge,

until the expiration of that one-year period or the remaining limitations period, whichever is

longer. See *S.C. Vaughan*, 181 Ill. 2d at 501–02; *Flores v. Dugan,* 91 Ill. 2d 108, 111-12 (1982).

Because a plaintiff has an automatic right to refile the case during that window of time and thus

suffers no prejudice to his or her rights, there is nothing "final" about that DWP. *S.C. Vaughan*,

181 Ill. 2d at 501–02; *Flores v. Dugan,* 91 Ill. 2d 108, 111-12 (1982).

¶ 17    But once the period for refiling expires, without the plaintiff having opted to refile, the

DWP *becomes* a final judgment, because at that point, "the litigation is effectively terminated."

*S.C. Vaughan*, 181 Ill. 2d at 502. And that, say defendants, is where we find this case. The DWP

was entered on December 20, 2016, and the limitations period had expired, meaning section 13-

217 gave plaintiff only one year—until December 20, 2017—to refile. Because he did not refile until December 19, 2018, his suit is thus time-barred.

¶ 18    But defendants do not properly account for the motion to vacate the DWP that plaintiff filed. That is, rather than refile, which plaintiff easily could have done, plaintiff moved to vacate the DWP, as was also his right. Section 2-1301(e) of the Code of Civil Procedure, among other things, allows a motion to vacate any default or other non-final order before final judgment. See 735 ILCS 5/2-1301(e) (West 2014); *Federal National Mortgage Ass'n v. Tomei*, 2014 IL App (2d) 130652, ¶ 9 ("A nonfinal DWP *** is subject to vacatur under section 2-1301(e) of the Code.").

¶ 19    Here, plaintiff filed his motion to vacate within thirty days of the DWP, but because a DWP is a non-final, interlocutory order, plaintiff could have filed the motion to vacate at any time before the DWP became final—meaning any time before one year after entry of the DWP. See, *e.g.*, *Tomei*, 2014 IL App (2d) 130652, ¶ 9 ("a section 2-1301(e) motion could have been filed anytime between the DWP and [end of limitations period there, which was 395 days].").

¶ 20    Plaintiff's timely motion to vacate the DWP makes all the difference here, because it tolled the one-year clock. This court has long held that section 13-217's refiling period, following a DWP, does not begin to run until the motion to vacate is denied. See *Bowers v. Village of Palatine*, 204 Ill. App. 3d 135, 137–38 (1990) ("the time period for refiling a complaint specified by section 13–217 did not begin to run until the motion to vacate was denied"); *Valdez v. Pappas,* 139 Ill. App. 3d 1, 4 (1985) (section 13-217's refiling period began to run after motion to vacate DWP was denied).

¶ 21    That holding has been followed and reiterated repeatedly ever since. See *Estate of Young*, 2020 IL App (2d) 190392, ¶ 19 ("where a timely motion to vacate an order of dismissal has been

filed, the one-year refiling period does not *begin* to run until the trial court has *ruled* on the motion to vacate the DWP." (Emphasis in original.)); *People ex rel. Ryan v. Rude Way Enterprises, Inc.*, 326 Ill. App. 3d 959, 962 (2001) (" 'the one-year refiling period of section 13-217 begins to run when the motion to vacate the trial court's dismissal order is denied' " (quoting *Wilson v. Evanston Hospital*, 276 Ill. App. 3d 885, 888 (1995))).

¶ 22     Here, then, the one-year refiling period thus did not begin to run until the motion to vacate was denied on April 19, 2018. Plaintiff refiled his claim on December 19, 2018, well within the refiling period.

¶ 23     Defendants raise several arguments why this refiled suit is time-barred. For one, they say that *Bowers* was wrongly decided and inconsistent with the language of section 13-217. They claim that *Bowers* incorrectly stands for the proposition that the refiling period starts "only after a dismissal for want of prosecution has become a *final judgment*." But that is not what *Bowers* held; *Bowers* simply held that if a motion to vacate is filed, the refiling clock does not start until that motion to vacate is denied. The rationale of *Bowers* and these other cases is that, if a timely motion to vacate is filed, the DWP order might not stand—the court might vacate it—so it would make no sense to start a clock running on a refiling that might be unnecessary.

¶ 24     Nothing in *Brite Lights, Inc. v. Gooch*, 305 Ill. App. 3d 322, 325 (1999), cited by defendants, holds otherwise. That case merely recited the general rules that a DWP is not final until the refiling period under section 13-217 has expired, and that a plaintiff has that window of time to refile following the DWP. All of that is true but beside the point. When confronted with the additional fact of a motion to vacate the DWP, the courts have consistently held that the refiling period does not start running until after the motion to vacate is denied, as demonstrated above.

¶ 25    Defendants also claim that plaintiff's motion to vacate was stricken during one of those first two hearings where plaintiff's notice of motion was faulty—first when the notice of motion named the wrong courtroom, and then when the notice was never sent to defendants—before it languished for several months thereafter. Because it was stricken, they say, it could not be revived unless the court vacated that order striking it. In other words, there *was* no motion to vacate that was timely filed, because it had been stricken.

¶ 26    We find no order in the record indicating that the trial court ever struck plaintiff's motion to vacate the DWP. We do have a sworn affidavit from plaintiff's counsel, in responding to defendant's motion to dismiss the refiled complaint, in which she swore that her motion to vacate the DWP was never withdrawn or stricken; it was simply re-noticed three different times. It is true that the appellant—here, plaintiff—has the burden of providing us a complete record on appeal, but we do not see how plaintiff could prove a negative—the *non*-existence of an order striking his motion to vacate. And we note further that defendants, who bore the burden in the trial court on their motion to dismiss, never produced a copy of an order striking that motion to vacate.

¶ 27    Nor is there any particular reason why we should assume that the trial court struck that motion to vacate the DWP. For one, we are aware of a relatively standard procedure in the circuit court of striking a motion *from the call* if it was noticed improperly, which seems clearly to be what happened here (and again, what counsel for plaintiff swore was true to the circuit judge). But that is not the same thing as striking the motion in the sense that defendants mean it— essentially denying the motion. For another, when plaintiff, in her third attempt, finally noticed up the motion to vacate correctly in December 2017, the notice of motion to defendants referenced the motion to vacate that "was previously served upon you." Indeed, if the motion to

vacate the DWP had been stricken in the sense that defendants mean it, it would have made no sense for the trial court to order plaintiff to amend his motion to vacate to provide additional information—there would have been no motion to amend if the motion had been stricken.

¶ 28     Finally, defendants complain that allowing a motion to vacate to toll the refiling period could lead, as it did here, to a very lengthy extension of the refiling period. It is true that plaintiff's motion to vacate languished for a considerable amount of time after it was stricken from the call the first two times it was noticed. Plaintiff first noticed up that motion on two different occasions in January 2017, then did not re-notice it for the third time until December 2017. And then the motion to vacate was not denied until April 2018, after which plaintiff refiled in December 2018.

¶ 29     A long gap of time, to be sure, and outside the norm. Typically, a motion to vacate would be litigated near the time it was filed, and any such delay would be minimal. This was a rather exceptional instance in which nearly a year passed before the motion to vacate was properly noticed. But even longer delays occurred in these other cases where we nevertheless held that the refiling period did not begin to run until after the motion to vacate was finally denied. In *Bowers*, 204 Ill. App. 3d at 136, for example, the motion to vacate languished for *20 months* before it was heard and denied. In *Wilson v. Evanston Hospital*, 257 Ill. App. 3d 837, 838-39 (1994), the motion to vacate the DWP sat idle for 16 months before it was heard and denied. Yet each time, this court held that the clock for refiling under section 13-217 did not begin to run until after the motion to vacate was denied.

¶ 30     By no means is this situation an ideal one, but the case law has been clear and consistent that a timely filed motion to vacate tolls the refiling period, and defendants have not convinced us that we should abandon this longstanding case law. We would add, as well, that a defendant is

not entirely without recourse against motions to vacate DWPs that linger for months or even years on end, while the DWP order remains non-final. Most jurisdictions have rules allowing the court, on motion or *sua sponte*, to deny any motion that is not called for hearing within a certain amount of time.

¶ 31    In Cook County, for example, the court may deny a motion based on delay alone if it is not called for hearing within 90 days of the date it is filed, a point noted in both *Bowers* and *Wilson*. See *Bowers*, 204 Ill. App. 3d at 136 (citing Cook County Circuit Court Rule 2.3); *Wilson*, 257 Ill. App. 3d at 839, 840 (same). Nothing would have stopped defendants from requesting a hearing on the motion to vacate the DWP or from asking the court, after 90 days had passed, from denying it based on delay alone.

¶ 32    Although plaintiff waited a lengthy period of time to (properly) notice his motion to vacate the DWP for hearing, and though it would have been easier on all parties (plaintiff included) had plaintiff simply refiled the action, plaintiff was unquestionably following longstanding case law construing section 13-217 in the way he proceeded. He moved to vacate the DWP, and he refiled his action six months after that motion to vacate was denied, well within the year he was provided under section 13-217. The refiled action was thus timely.

¶ 33                              CONCLUSION

¶ 34    We reverse the judgment of the circuit court dismissing the refiled complaint as time-barred. We remand the cause for further proceedings.

¶ 35    Reversed and remanded.