2026 IL App (1st) 242524-U

No. 1-24-2524

Order filed March 20, 2026

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CHARLOTTE TOBIN, | ) | Appeal from the |
| | ) | Circuit Court of Cook County, |
| Plaintiff-Appellant, | ) | Law Division. |
| | ) | |
| v. | ) | No. 2024 L 000763 |
| | ) | |
| ROBERT DAVID MYERS, | ) | Honorable |
| | ) | Barbara N. Flores, |
| Defendant-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Oden Johnson and Justice Wilson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in dismissing plaintiff's complaint where it was the second refiling of the same cause of action.

¶ 2    Plaintiff Charlotte Tobin appeals the circuit court's dismissal of her complaint against defendant Robert David Myers under section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1994)). At issue is whether the circuit court erred in dismissing plaintiff's complaint as a barred second refiling of the same cause of action because the circuit court order dismissing the first refiled complaint stated, "plaintiff may refile this case." For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On March 29, 2015, plaintiff Charlotte Tobin and her then-husband, defendant Robert David Myers, were involved in an alleged domestic dispute. In 2017, plaintiff filed a complaint against defendant for assault, battery, and intentional infliction of emotional distress arising from the incident. In 2019, plaintiff voluntarily dismissed the complaint.

¶ 5      In 2020, plaintiff refiled her complaint against defendant. In 2023, the circuit court dismissed the complaint for want of prosecution. The circuit court's written order stated, "this case is dismissed for want of prosecution. Plaintiff may refile this case, since a motion to vacate DWP will not be entertained."

¶ 6      In 2024, plaintiff again refiled her complaint against defendant in front of a new judge. Defendant moved to dismiss the complaint as a barred second refiling of the same cause of action under section 13-217 of the Code of Civil Procedure (735 ILCS 5/13-217 (West 1994)). The circuit court dismissed the complaint. This timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 7                                    II. ANALYSIS

¶ 8      Plaintiff argues that the circuit court erred in dismissing her complaint because the judge who dismissed plaintiff's first refiled complaint gave plaintiff permission to refile her complaint again, and refiling was the only avenue for relief. Defendant argues that plaintiff's second refiling is barred by statute (735 ILCS 5/13-217 (West 1994)) regardless of the language in the circuit court's order dismissing the first refiled complaint. We review the dismissal of a complaint under section 13-217 of the Code of Civil Procedure *de novo*. *Ware v. Best Buy Stores, L.P.*, 2024 IL App (1st) 231326, ¶¶ 4-5.

¶ 9 Section 13-217 of the Code of Civil Procedure states that when a plaintiff voluntarily dismisses an action, the plaintiff can commence a new action within one year or within the remaining period of limitations, whichever is greater:

> "In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater *** after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution ***." 735 ILCS 5/13-217 (West 1994).

The Illinois Supreme Court has "interpret[ed] the language of section 13-217 as providing for one and only one refiling regardless of whether the applicable statute of limitations has expired." *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 253 (1991). The statute "was not intended to permit multiple refilings of the same action." *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 163 (1997). If a plaintiff refiles a dismissed complaint and it is again dismissed, "the reason for the second dismissal is of no consequence at all." *Id.* at 165. "No matter why the second dismissal took place, the statute does not give plaintiff the right to refile again." *Id.*

¶ 10 Plaintiff's original complaint was voluntarily dismissed. Under section 13-217, plaintiff had the right to refile her complaint once. Plaintiff did so in 2020. After that refiled complaint was dismissed for want of prosecution, plaintiff was not permitted to refile a second time. See, *e.g.*, *Mann v. Upjohn Co.*, 324 Ill. App. 3d 367, 375-76 (2001) (explaining that the plaintiff had no right to a second refiling where the original complaint was voluntarily dismissed and the first refiling was dismissed for want of prosecution); *Phillips v. Bruzgul*, 2021 IL App (1st) 191980, ¶ 17 (same); *Walicek v. Ciba-Geigy Corp.*, 155 Ill. App. 3d 667, 672 (1987) ("Plaintiff availed himself

of section 13-217 after the first dismissal and cannot again, for a second time, avail himself of this section.").

¶ 11    Plaintiff argues she had a right to refile her complaint a second time because the circuit court order dismissing the first refiled complaint stated, "plaintiff may refile this case." The circuit court, however, is "not free to rewrite legislation." *People v. Reyes*, 2023 IL 128461, ¶ 34; *State ex rel. Raoul v. Elite Staffing, Inc.*, 2024 IL 128763, ¶ 56 ("[A]fter the Illinois Supreme Court has construed a statute, that construction becomes, in effect, a part of the statute and any change in interpretation can be effected by the General Assembly if it desires so to do." (Internal quotation marks and brackets omitted.)). Because it was plaintiff's first refiled complaint that was dismissed, section 13-217 does not permit plaintiff to refile a second time, regardless of the language in the order.

¶ 12    Plaintiff argues a second refiling was the only avenue for relief under the circuit court's order since it stated, "a motion to vacate DWP will not be entertained." But under the Code of Civil Procedure, plaintiff could have moved to set aside the dismissal order. See 735 ILCS 5/2-1301(e) (West 2022) ("The court *** may on motion filed within 30 days after entry thereof set aside any final order or judgment ***."). Although plaintiff argues this would have violated the circuit court's order, plaintiff could have clarified to the circuit court that she already exhausted her one permitted refiling and asked the circuit court to vacate the dismissal or modify its order. See *id.*; *Welch v. Ro-Mark, Inc.*, 79 Ill. App. 3d 652, 656 (1979) ("A trial court has jurisdiction for a period of 30 days after the entry of a final order or judgment to modify or vacate the final order or judgment ***."). Instead, plaintiff made no motions after the dismissal and waited one year before refiling her complaint again.

¶ 13    Plaintiff also argues that her second refiling is proper because it would be "unreasonable to penalize plaintiff for complying with an order of the circuit court" and the goal is to have "the case decided on the merits." *Eigher v. Tiernan*, 2021 IL 126101, ¶ 32. However, this discussion in *Eigher* concerned a plaintiff who, based on language in the circuit court's order, filed a notice of reinstatement rather than moving to vacate the voluntary dismissal order to reinstate his complaint. *Id.* ¶¶ 4-5, 30. Though plaintiff's notice of reinstatement was not proper, it was timely filed pursuant to the dismissal order within one year after the voluntary dismissal, "no greater than the one-year period for filing new actions permitted by section 13-217." *Id.* ¶¶ 31, 33. When no action was taken in the case in response to the notice of reinstatement, plaintiff, for the first time, refiled his complaint under a new case number after the one-year period had passed. *Id.* ¶¶ 7-9. Given plaintiff's attempts to comply with both the circuit court order and the one-year refiling period in the statute, the Illinois Supreme Court held it was proper for the circuit court to hear the case on the merits. *Id.* ¶¶ 32-33. Unlike plaintiff here, the plaintiff in *Eigher* "did not abuse the reinstatement process" and only refiled his complaint once. *Id.* ¶ 33. "The policy considerations of section 13-217 are to prevent multiple filings and dismissals and to prevent section 13-217 from becoming a 'harassing renewal of limitation.' " *Walicek*, 155 Ill. App. 3d at 673 (quoting *Smith v. Chicago Transit Authority*, 67 Ill. App. 3d 385, 388 (1978)). Plaintiff's attempt to refile her complaint a second time is distinguishable from *Eigher*.

¶ 14    Lastly, plaintiff argues that this Court has previously permitted a second refiling in *Stacken v. Stratford Moes Inc.*, 2021 IL App (1st) 191982-U. But *Stacken* involved only one refiling. *Id.* ¶ 2. In *Stacken*, the plaintiff's initial complaint was dismissed for want of prosecution. *Id.* ¶ 6. Plaintiff, however, timely moved to vacate the order dismissing for want of prosecution, which the

circuit court granted. *Id.* Later, when plaintiff's counsel failed to appear at a hearing, the circuit court dismissed the complaint for want of prosecution. *Id.* ¶ 7. Plaintiff again moved to vacate the order, but this time, the circuit court denied the motion to vacate the dismissal. *Id.* ¶¶ 7, 10. Then, for the first time, plaintiff refiled the complaint. *Id.* ¶ 11. The circuit court initially held the refiling was untimely, but this Court reversed, explaining that the motion to vacate tolled the statutory period for refiling, and the one-year period to refile did not begin until the motion to vacate was denied. *Id.* ¶¶ 11, 20-22. Unlike the plaintiff in *Stacken*, plaintiff here refiled her complaint twice. Section 13-217 barred plaintiff from doing so, and thus, the circuit court did not err in dismissing plaintiff's second refiled complaint.

¶ 15                                  III. CONCLUSION

¶ 16    The judgment of the circuit court of Cook County is affirmed.

¶ 17    Affirmed.